BRUTUS GUINARD, Appellant, *v.* BARENT HEYSINGER et al., Appellees.

### APPEAL FROM GREENE.

In an action on a judgment, a defendant cannot interpose a defence which he might have made in the original suit.

If a party suffers a judgment to pass against him by a wrong name, he is estopped from availing himself of the misnomer in an action on that judgment.

THE opinion shows the facts of the case. The cause was heard before WOODSON, Judge, at April term, 1853, of the Greene Circuit Court.

J. M. PALMER, for appellant.

D. A. SMITH, for appellees.

TREAT, C. J. This was an action of debt, brought by Guinard against Barent and Henry Heysinger. The declaration was upon the record of two judgments, obtained in the supreme

court of the State of New York, by the plaintiff against the defendants. Barent Heysinger pleaded in abatement of the action, that he was called and known by the name of Barney Heysinger. The plaintiff filed two replications to the plea. 1. That the defendant was the same person against whom the judgments were recovered by the name of Barent Heysinger. 2. That the process in the original actions was personally served on the defendant by the name of Barent Heysinger, and that the plaintiff recovered therein the judgments in question against the defendant by that name. The court sustained a demurrer to the replications, and quashed the writ.

The replications presented a perfect answer to the plea in abatement. The defendant should have taken advantage of the misnomer in the original actions. He might then have successfully urged the objection. But he is concluded from the assertion of any such defence in this suit. The rights of the parties were determined in the former actions, and cannot be inquired into in this proceeding. In an action on a judgment, the defendant cannot interpose any defence which he might have made in the original suit. All such matters are *res adjudicata.* This principle is amply sustained by authority. The case of West *v.* Sutton, 2 Lord Raymond, 853, may be referred to as peculiarly applicable. That was *scire facias* on a judgment, and the defendant pleaded in abatement, that the plaintiff was an alien enemy. The court held the plea to be bad, because the matter should have been pleaded in abatement of the original action. Numerous other cases might be cited in support of the position.

There is another rule of law equally applicable to this case. If a party execute an obligation by a wrong Christian name, he should be sued on the instrument in that name; and if he plead the misnomer in abatement, the plaintiff may state the facts specially in a replication, or reply generally that the defendant is as well known by that name as the other; and, in either case, the replication will be sustained by the production of the instrument. Field *v.* Winlow, Croke's Eliz. 897; Hyckman *v.* Shotbolt, Dyer, 279; Linch *v.* Hooke, 1 Salkeld, Pl. 17; Gould *v.* Barnes, 3 Taunt. 504; Wooster *v.* Lyons, 5 Blackford, 60. It was, therefore, incumbent on the plaintiff to sue the defendant in the name in which the judgments were rendered against him. The latter suffered the judgments to pass against him by a wrong name, and he is estopped by the record from availing himself of the misnomer in an action on the judgments.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*