SUTTER v. COX et al.

Objections to the form of a complaint cannot be raised for the first time, in the Supreme Court.

Where a defendant is sued as James ——, service was returned upon John ——, and judgment was entered against J. ——, *Held*, to be error, unless there was something in the record to show that the person served was the person sued.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

Action of ejectment and for an injunction to stay waste. Judgment was entered in the Court below for plaintiff, on default of defendants. One of the defendants was sued as James Cox. The return on the summons shows service on John Cox; and judgment was entered against J. Cox. The Defendants moved on affidavits, in the Court below, to set aside the default, which motion was overruled, and defendants appealed.

*Lindley and Hatch* for Appellants.

Appellants contend :

1. That the complaint does not show facts sufficient to support the judgment; that it does not show title in fee in the plaintiff, sufficient to support ejectment; that the plaintiff does not show prior possession sufficient to support ejectment; that the defendants claim in severalty distinct parcels of the land described in the complaint; for all of which reasons, appellants hold that the complaint is insufficient.

2. That the judgment is erroneous for this, to wit : The complaint is against James Cox. The sheriff returns service on John Cox, and the judgment is against J. Cox, which might mean *Jeremiah* Cox. "*Prima facie*, two different names must be held to signify two different persons." McNally v. Mott, 3 Cal., 236.

[The argument of counsel upon the question of error in the Court below, in refusing to set aside the default, is omitted, as the Court refused to consider the affidavits on which the motion was based.]

*Edwards & English* for Respondent.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY concurred.

1. The objection to the form of the declaration comes too late. It should have been made in the Court below.

2. There is nothing to show any error in the refusal of the District Court to set aside the default. The loose affidavits referred to in the argument are no part of the record.

3. One of the defendants was sued by the name of John Cox. Service is returned upon James Cox, and the judgment is against J. Cox.

This is error, unless there was something in the record to show that the person served was the person sued.

The judgment is therefore reversed, and the cause remanded as to J. Cox, but affirmed against the other defendants.