Seaver *v.* Fitzgerald.

---

## SEAVER *v.* FITZGERALD.

IN a suit commenced before a Justice of the Peace, if the summons be returned by the officer with his indorsement thereon that no service has been made because defendant cannot be found, and on the return day thereof it is further made to appear by affidavit that the defendant conceals himself to avoid service of process, the suit does not thereby abate, but the magistrate may continue the cause, issue a new summons, and make an order for its service by publication, and fix the return day of the new summons at a time sufficiently remote to have the service by publication completed before the return day, even if the period between the issuance of the new summons and its return day exceeds ten days.

In such case when an attachment is regularly issued by the Justice, at the time of the issuance of the first summons, the attachment is not vitiated by the failure to serve the first summons and the issuance of a second one, nor is the validity of attachment in any way affected by the proceedings.

The affidavit stated that the "defendant, D. C. Seaver, was at the time a resident of the first township in the County of Contra Costa ; that he had occupied a house on a tract of land claimed to be his own and which he had cultivated up to the commencement of the suit and for a long time previous ; that on the twenty-second day of October, the day before the commencement of the suit, he left his residence informing his servant that he would be back that evening or the next day ; that the summons in the suit was put in the hands of a proper constable, who made diligent search and was wholly unable to serve it ; that Seaver had not returned to his residence, and that he believed he concealed himself for the purpose of avoiding the service of the summons, and that the claim sued on is a just debt."

*Held,* to be sufficient to authorize the service by publication, and when publication made to give the Court jurisdiction.

An order of publication of summons, made by a Justice, need not state that the paper designated "is the one most likely to give notice to the person to be served."

The publication of summons may be proved by the affidavit of the Clerk of the publisher of the paper, and the fact that the summons was deposited in a post-office may also be proved by affidavit; nor is it necessary that the constable state in his return on the summons that such publication was made and such deposit made in the post-office.

When the contract sued on is a joint contract of two defendants, and judgment is entered up against one only, it is not such an error as renders the judgment void so that it can be attacked in a collateral proceeding.

APPEAL from the Seventh Judicial District, Contra Costa County.

At the time of the issuance of the attachment by the Justice, the constable in whose hands it was placed levied on several head of cattle and horses as the property of D. C. Seaver. Judgment was rendered by the Justice, November 17th, 1860. November 10th, 1860, Robert Seaver commenced an action against the constable, Fitzgerald, to recover possession of the property attached. The defendant answered, justifying under the attachment. Defendant recovered judgment, and plaintiff appealed. The remainder of the facts appear in the opinion of the Court.

*Merrill, Clement, and White,* for Appellants.

A void judgment—and consequently a void attachment, since attachment is only a means to secure the payment of the judgment, is unavailable for any purpose. It constitutes no justification, and all persons concerned in executing it are trespassers. (*Doty* v. *Brown,* 4 How. 429; *Elliott* v. *Piersoll,* 1 Pet. 328.) Especially is this the case when the party against whom it is sought to be enforced is a stranger to it. (*Downs* v. *Fuller,* 2 Metcalf, 138.) A void attachment gives an officer no lien upon the property. *Low* v. *Henry,* 9 Cal. 552.) It gives the officer no right to take the property from the party against whom it is issued; surely it cannot give him any right to take it from an innocent party in possession under claim of ownership.

There was no attachment in the action in which judgment was rendered against D. C. Seaver. The writ issued on the twenty-

third of October was void, so far as that action was concerned. It was issued before the summons. An attachment issued before summons is void, and the subsequent issuance of summons cannot cure it. (*Low* v. *Henry*, 9 Cal. 552; Pr. Act, Sec. 551.) The writ of attachment was issued on the twenty-third of October, subsequent to the issuance of a summons on that day. On the twenty-seventh, the return day, no service of the summons having been made, and no jurisdiction of the defendants in the action having been acquired, the Justice could not and did not proceed against them, but issued another summons, bearing date of that day, the twenty-seventh, and being returnable on the seventh of November—eleven days thereafter.

The issuance of summons is one of the acts to be performed upon the commencement of an action in a Justice's Court. An action is not commenced until summons is issued. There is no provision in the Practice Act for more than one summons in an action, and the issuance of the one is the commencement of the action. The attachment was issued and levied four days before the issuance of the summons. The new action commenced on the twenty-seventh in a manner to enable the Justice to acquire jurisdiction of the defendants by publication of summons and could not relate back to the twenty-third.

The affidavit was not sufficient to authorize service by publication. (Pr. Act, Sec. 543.) It does not show that any effort was made to find the defendants. It states that diligent search was made, but does not state what acts constituted that diligent search. (*Swain et al.* v. *Chase*, 12 Cal. 283.) There are no facts stated which show that the defendants concealed themselves to avoid service of process. The affiant's belief that they so concealed themselves was no fact upon which the Justice was authorized to act. (Same case as above.) It does not properly appear that a cause of action existed against the defendants. The facts constituting the cause of action should have been stated. The facts necessary to authorize publication are required to appear to the satisfaction of the Justice; and the Justice has no right to be "satisfied" upon the mere opinions of others, nor upon any less evidence than a man of ordinary intelligence and discretion would require in proof of any fact upon

which he was called upon to act in the ordinary business of life. (*Crandall* v. *Bryan*, 15 How. 41.)

The order of publication is insufficient. It does not show that the paper designated was the one most likely to give notice to the persons to be served. (Pr. Act, Sec. 543.)

There is no return of the last summons—no sufficient evidence of service by publication. The law does not provide for a return of process by any person other than the officer or person to whom it was delivered for service. The return of the officer is as much a part of the record as the docket itself; and if such return fail to show a personal service, the recital in the docket based upon such return alone can not be relied upon as giving validity and effect to the judgment. (*Lowe* v. *Alexander*, 15 Cal. 300.) The affidavit of the printer is not, in Justice's Courts, sufficient proof of service by publication. Sec. 33 of the Practice Act is not made applicable to Justices' Courts. (Secs. 533, 555.)

A Justice can no more make a summons returnable eleven days after date, than he could make it returnable in eleven months. (Secs. 541, 543, Pr. Act; *Diedesheimer* v. *Browne*, 8 Cal. 339.) A process unknown to the law, or prohibited by the law, makes the case no better than where there is an absence of all process and appearance. (*Sanders* v. *Raines*, 10 Missouri, 770.)

The Justice could acquire no jurisdiction of Seaver by a summons to Seaver, except upon personal service, and proof that the person served was the one named in the process, or intended to be named. (*Sutter* v. *Cox*, 6 Cal. 415.)

*Blake & Wright*, for Respondent.

The affidavit was sufficient to authorize the order of publication. (6 Cal. 197 ; 12 Id. 100 ; Pr. Act, Sec. 543.) The order complied with the statute. (Pr. Act, Sec. 543.) The affidavit of the Clerk shows a substantial compliance with the order. The published summons was issued on the twenty-seventh of October and was made returnable on the seventh of November. The publication commenced on the twenty-ninth of October, and the affidavit made on the seventh of November shows a publication of one week. Sec. 543 of the Practice Act authorizes a Justice to make his summons

Seaver *v.* Fitzgerald.

returnable more than ten days after date. The docket shows that the case was called for trial on November 7th, the return day mentioned in the summons. (Cow. Treat. 4th Ed. 664.) A copy of the summons was deposited in the post-office. The respondent was constable, and held the property by virtue of an attachment issued from Justice Dyer's Court, at the time it was replevied by appellant.

We contend that the attachment being regularly issued gave the respondent a standing in Court, to attack the sale between the Seavers for fraud. (*Thornburgh* v. *Hand*, 7 Cal. 554.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of certain personal property. The plaintiff claims title thereto by virtue of a bill of sale from D. C. Seaver, the former owner ; but before a change of possession had been effected, under the bill of sale, the property was levied upon by the defendant, a constable, under an attachment issued by a Justice of the Peace in an action of Hagy & Gill against D. C. Seaver & J. W. Crosby, and the defendant claims the right to hold the property by virtue of the levy under this attachment. The Court below held this levy and attachment to be valid, and a verdict was rendered for the defendant, from which the plaintiff appeals. .

It appears that at the time the attachment issued, a summons was also issued in the action, dated October 23d, 1860, and made returnable October 27th, 1860. On the return day this summons was returned not served. Thereupon the Justice of the Peace, upon an affidavit that the defendant concealed himself to avoid the service of summons, made an order that the summons be served by publication for one week, and a new summons was issued, dated October 27th, and made returnable November 7th. Upon proof of the publication of this summons a judgment by default was entered against the defendant, D. C. Seaver. Before any execution was issued on this judgment the present action was commenced.

The plaintiff contends that the second summons was *the* summons in the case, because that was the summons served by publication,

7 .

and as the writ of attachment was issued before this second summons, it was therefore void, under Sec. 551 of the Practice Act. This point is clearly untenable. A summons was duly issued before or at the time of the issuing of the attachment, and the attachment was therefore valid when it issued. The fact that the defendant absented himself so that that summons could not be served on him before the return day thereof, and that it was returned not served, could not have the effect of vitiating the attachment. No rule of law or provision of statute has been referred to by counsel to sustain any such position, and such a principle would be most pernicious in its consequences. It would only be necessary for a debtor to conceal himself for a few days, until the return day of a summons issued against him had passed, to invalidate any attachment which had been issued against him. A principle so manifestly unjust in its results could only be sustained by clear and positive statutory provisions, which do not exist in our laws. The argument of the appellant is based upon the idea that a plaintiff is entitled to only one summons in an action, and that if he fails to procure a service of that summons within the time fixed for its return, and it is therefore returned not served, the action is thereby abated or determined, that the attachment falls with it, and the issuing of a new summons is the commencement of a new suit. This argument is without foundation, as the plaintiff in such case is entitled to a new summons and a continuance of the case until such time as he can procure a service of the same, by publication or otherwise, and the suit is not abated or determined thereby, nor is the attachment in any way affected by the proceeding.

It is further contended that the judgment rendered in the action in which the attachment issued is void, on the ground that the affidavit on which the order to publish the summons was made is insufficient. The affidavit states that the defendant, D. C. Seaver, was at the time a resident of the First Township in the County of Contra Costa; that he had occupied a house on a tract of land claimed by him to be his own, and which he had cultivated up to the commencement of the suit and for a long time previous; that on the twenty-second day of October, the day before the commencement of the suit, he left his residence, informing his servants that

Seaver v. Fitzgerald.

he would be back that evening or the next day; that the summons in the suit was put in the hands of a proper constable, who made diligent search and was wholly unable to serve it; that Seaver had not returned to his residence, and that he believed that he concealed himself for the purpose of avoiding the service of the summons; and that the claim sued on is a just debt. The return of the summons by the constable is "not found in the county." The return of the officer that the party could not be found is sufficient evidence of proper diligence, and the affidavit of the plaintiff in that action showing that the defendant resided in the township and county, and the facts respecting his absenting himself from his home, show sufficient to entitle the plaintiff to the order of publication.

It is also objected that the order of publication is defective, because in designating the newspaper in which to publish the summons, it did not state that such paper was "most likely to give notice to the person to be served," or which summons was to be thus published. These objections are not well taken. The order directs the summons to be published in a certain newspaper, with the time it was to be thus published, and the presumption is that the Justice designated such particular paper because it was most likely to give notice to the person to be served, but it was not necessary for him to state in the order that such was his reason. The summons to be served was any legal summons issued in the case. The first summons had been returned not served, and it was therefore the second summons which was to be served by the publication—the first one having no longer any force.

The publication of the summons was proved by the affidavit of the principal clerk of the publishers of the newspaper, and the fact that a copy of the summons had been duly deposited in the post-office, properly directed, was proved by the affidavit of a competent witness. We think this a proper mode of proving such facts, and that a return of such facts, indorsed upon the summons by a constable or Sheriff, is not necessary in such cases.

It is also objected that the summons served is irregular and illegal, because it was returnable eleven days after its date, and it is urged that this is contrary to the provisions of Sec. 541 of the Practice Act, which allows no time exceeding ten days. Sec. 543

Seaver *v.* Fitzgerald.

provides that in cases of non-residence, departure from the State, or concealment by defendant, the publication of the summons shall be ordered "for such length of time as may be deemed reasonable, at least one week," but in cases of non-residence or absence from the State, the publication "shall not be less than three months." It is evident that in the last class of cases the summons must be made returnable more than ten days from its date, and in many cases of concealment in the State, a reasonable time might require a publication for more than ten days, and a limit to ten days would prevent a proper service. These two sections of the statute must be so construed as to make them harmonize if possible, so that both can be rendered effectual. We think that the provisions of Sec. 541 do not properly apply to cases where summons has to be published as provided by Sec. 543; and that in the latter class of cases the return day may be fixed at such time as will enable the summons to be published as required by the order before such return day. And the fact that such return day is more than ten days from the date of the summons will not invalidate it in such cases.

It is also objected that the judgment is against D. C. Seaver, while the name in the published summons is "D. C. Seavers." The names are substantially the same, and there was therefore no error in this. It is further insisted that the judgment is void because the cause of action was a joint contract of Seaver & Crosby, and the judgment was not entered up "against all the defendants," as required by Sec. 594 of the Practice Act, but only against Seaver alone. This objection goes only to the form of the judgment, and it has no force in this collateral proceeding. It does not render the judgment void, and therefore cannot be interposed in this action.

We have thus noticed numerous objections of the appellants to the proceedings of the Justice subsequent to the issuing of the attachment, but even if the record had shown that the judgment in that case was irregular or void it would not have aided the appellant in this action. It would only have shown that the plaintiffs in that action had failed to obtain a valid judgment, in consequence of irregularities in the proceedings before the Justice, by which he

failed to obtain jurisdiction of the persons of the defendants therein. The Justice still had jurisdiction of the case and the subject matter, and the plaintiffs therein would, in such case, be compelled to proceed and take the proper steps in that action to enable the Justice to acquire jurisdiction of the persons as well as of the subject matter in order to enable him to render a valid judgment. Even if the plaintiffs in that action had failed to obtain a valid judgment that fact alone would not operate as a release or discharge of the attachment, which had been regularly and legally issued. That would have still·remained valid and effectual, notwithstanding the subsequent alleged irregularity or invalidity of the proceedings before the Justice in the rendition of the judgment. The property would still have been bound by the attachment, which was sufficient to enable the defendant to attack the sale to the plaintiff in this action, and to show its invalidity as against the plaintiffs in the attachment suit who were the creditors of D. C. Seaver. (*Thornburgh* v. *Hand*, 7 Cal. 554.)

The judgment is therefore affirmed.