Samuel M. Scribner,

*v.*

Henry M. Allen, *et al.*

*Held :* that a court of equity will not restrain the levy of an illegal tax where the action is brought by an individual in his own behalf, and where it does not appear that he has not an adequate remedy at law, or that the proceedings will lead to the commission of irreparable injury, or to a multiplicity of suits, or be a cloud upon his title.

This action was brought in the district court for Mower county. The allegations of the complaint are substantially as follows: that the plaintiff is a resident of the town of Frankford, in said county, owning real and personal property subject to taxation therein; that the defendant Allen is auditor, and the defendant, Smith, treasurer of said county; that on the 20th day of February, 1865, the quota of said town under the call of the President of the United States, of Dec. 19th, 1864, was seven men; that on said 20th day of February, a special town meeting was held to consider and decide whether a tax should be voted to pay bounties to volunteers to fill said quota, which decided that no tax should be raised; that on the 28th day of March 1865, two of the Supervisors of said town met at the town clerk's office, and professing to act as the board of auditors of said town, drew up and signed a resolution, that orders be issued, on the treasurer of said town, equal to $300 for each volunteer required to fill the quota, and also that a special tax be levied upon the assessment of the town of Frankford for the year

1865, for the purpose of paying said orders; that pursuant to said resolution, orders were issued; that a copy of said resolution was transmitted to the County Auditor for said County, who has extended said tax upon the tax rolls of said town, and has, or will, deliver said rolls to the County Treasurer for the collection of such tax from the plaintiff, and other property owners of said town. Plaintiff demands that the collection of said tax be restrained, and that the said tax be cancelled. The defendants interposed a general demurrer to the complaint, which was sustained by the Court, and the plaintiff appeals from the order sustaining the same to this Court.

C. G. Ripley, for Appellant.

I.—The Court had jurisdiction of the subject matter, being of an equitable nature and not affected by any legalized statute. 1 *Sto. Eq. Jur.*, sec. 33; 1 *Edn. Inj. Introd.*, p. 10, par. 4; *Statutes* 1865, ch. 53.

II.—The facts stated constitute a cause of action, showing that the proceedings complained of will necessarily result in a cloud upon plaintiff's title to land. *Meserole vs. Mayor, &c.*, 8 *Paige, pp.* 199, 209; *Burt vs. Cassety*, 12 *Ala.*, 734; *Scott vs. Onderdonk*, 4 *Kernan*, p. 1; *Weller vs. St. Paul*, 5 *Minn.*, p. 95; *St.* 1860, ch. 1, sec. 99, ch. 2, sec. 30; *St.* 1861, ch. 1, sec. 25; *St.* 1862, ch. 1, sec. 1.

Cameron & Johnson, for Respondents.

I.—The application for an injunction was addressed to the equity power of the Court, and unless the plaintiff could maintain the action upon well established equitable grounds, he was not entitled to the relief demanded.

Although the Court is possessed of both law and equity powers, yet as, in this case, its equitable powers only were invoked, therefore the plaintiff must make out a case of equitable cognizance in his complaint, or he was entitled to no judgment.

To bring this case within the jurisdiction of equity the complaint should show that the relief demanded was necessary to prevent a multiplicity of suits—an irreparable injury to the freehold—or to remove a cloud upon the title to the plaintiff's real estate; the first and second are not pretended, and the complaint itself shows that the assessment is no cloud upon plaintiff's title. *Haywood vs. City of Buffalo,* 4 *Kernan,* 534; *Van Deren vs. Mayor N. Y.,* 9 *Paige,* 388; *Benton vs. City of Brooklyn,* 15 *Barb.,* 375; *Mayor Brooklyn vs. Meserole,* 26 *Wend.,* 132; *N. Y. Life Ins. Co., vs. Board of Supervisors,* 1 *Abb. Pr. R.,* 253.

II.—The plaintiff claims that, inasmuch as our statute, *Ch.* 1 *sec.* 25, *Laws* 1861, makes a tax deed *prima facie* evidence of an absolute title, and of the regularity of all the proceedings, therefore the tax deed, when executed, will be a cloud upon his title, and this court should interfere to prevent the sale; but this is not a case requiring the interference of the court for the reason that the plaintiff has a perfect remedy at law. If compelled to pay his tax, he may recover the amount paid from the county, 7 *Minn.* 267, and if his land is sold, and he should fail to redeem, the records show that the whole proceedings are void from the beginning, and the tax deed a nullity.

This is not a case where the plaintiff is compelled to rely upon parol testimony to avoid the deed, as in case of a deed obtained from him by fraud.

The plaintiff does not claim that the sale will cast a cloud upon his title, but the issuing of the tax deed two years

thereafter, provided the land should not be redeemed. The New York cases above cited in *Kernan, Paige, and Abbott's Reports* also controvert the plaintiff's position. *See also* 15 *Barb.* 343.

III.—The subject matter of this action is purely of a legal, and not an equitable nature; the object is to annul the action of the Supervisors of Frankford, and the official act of the auditor of Mower county for an alleged want of authority to levy the tax, and the court was asked to review and correct the doings of these officers.

The only appropriate remedy of the plaintiff, was by writ of certiorari, to have brought up the record to the court. *Benton vs. city of Brooklyn,* 7 *How. Pr.* 198 ; 15 *Barb.* 375; *Mace vs Trustees of Newburgh,* 15 *How. Pr.* 161 ; *Thatcher vs. Dusenbury,* 9 *ib.,* 32 ; *Munn vs. Sundly,* 6 *John, Ch.* 27.

*By the Court—*WILSON, CH. J. The plaintiff in this action invokes the exercise of the extraordinary powers of a court of equity ; it is therefore incumbent on him to show that he has not an adequate remedy at law, or that his case falls within some acknowledged head of equity jurisprudence. If, as it is admitted, the proceedings of the town supervisors of which he complains are void, he had an adequate remedy by the common law writ of certiorari, which undoubtedly lies to such subordinate tribunals. To the general doctrine that matters such as those complained of in this action are of legal, and not of equitable cognizance, there seem to be three exceptions : 1st, where the proceedings in the subordinate tribunals or the official acts of public officers affecting the title to real estate lead in their execution to the commission of irreparable injury. 2d, where they lead to a multiplicity of suits. Or, 3d, where the claim of the adverse party to the land is valid upon the face of the instrument, or proceedings

sought to be set aside, and extrinsic facts are necessary to be proved in order to establish the invalidity or illegality. *The Mayor, &c., vs. Meserole,* 26 *Wend.* 132; *Haywood vs. city of Buffalo,* 14 *N. Y. R.* 541.

It is not pretended that this action will prevent numerous suits or vexatious litigation, for the plaintiff sues solely in his own behalf, and a judgment in this suit would not be a bar to an action by any other person. "Nor," (to use the language of the court in the last cited case,) "is it shown by the complaint, nor can it be, how the assessment and levy of a tax merely, even if entirely illegal, could work irreparable injury, or any injury, to the freehold." The validity or invalidity of the proceedings complained of being patent on their face, they cannot be a cloud on the plaintiff's title. To create such cloud, or to give the court jurisdiction in such case, the proceedings must be *prima facie* valid, but in fact void. *See cases cited above.* The plaintiff, I think, has failed to bring his case within either of these exceptions. It is true that a tax deed under our law is *prima facie* evidence of a valid title in the grantee, and is therefore, when void in fact, a cloud on the title. But the plaintiff here does not allege that the execution of such deed is threatened, and I am not aware that any case goes so far as to hold that the mere possibility or probability that such a deed may in future be made, confers jurisdiction on a court of equity to interfere. The plaintiff has not informed us whether his tax is one dollar, or more, or less. If it is the duty of the court to sustain this action, then a court of equity may properly be called on by any property holder in any town or county to review the acts of the town or county officers in levying or collecting any tax. Even if it was a matter of discretion, it seems clear that the court should not interfere in such case; but I think a court of equity has no jurisdiction to review

such proceedings. *Mooers vs. Smedley, et al,* 6 *John, Ch. R.* 28, *and cases above cited.*

The order appealed from is affirmed.