## EDWARD FORD v. JAMES DOYLE, JR.

DEFENDANTS WHOSE NAMES ARE UNKNOWN.—Where parties whose names are unknown are sued by fictitious names, the record should show these facts.

JUDGMENT AGAINST A PERSON NOT A PARTY.—When the record does not disclose any service of summons, but a person not named as defendant answers, and judgment is afterwards rendered against another person not named in the complaint and who does not appear, the judgment is void.

EXECUTION OF WRIT OF POSSESSION AGAINST STRANGERS TO THE RECORD.—In an action against —— Doyle, John Doe, and Richard Roe, to recover land, wherein there was no service of summons, but John Doyle answered, and a judgment was subsequently entered against James Doyle: Held, that the District Court properly refused to direct the Sheriff to execute the writ of possession, by turning out James Doyle, Jr., James Doyle, Sr., and Catherine Doyle, who were in possession at the time of the commencement of the action, but who had not been made parties to the suit.

SERVICE OF WRIT OF POSSESSION.—A person in possession of the demanded premises at the time of the commencement of the action to recover possession cannot be removed under a writ issued on a judgment in the case, unless he is made defendant, and judgment is rendered against him after the Court acquires jurisdiction of his person.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action of ejectment to recover a part of Block

Two Hundred and Ninety, in the Western Addition to the City of San Francisco. Complaint was filed November 14th, 1864, and judgment rendered December 1st, 1866, as follows:

"Wherefore, by reason of the law and the finding aforesaid, it is ordered, adjudged, and decreed that Edward Ford, plaintiff, do have and recover from James Doyle, defendant, the possession of that certain lot or parcel of land lying and being situated in the City and County of San Francisco, and described as in the complaint."

The other facts are stated in the opinion of the Court.

*E. A. Lawrence,* for Appellant.

*Walter Van Dyke,* for Respondent.

By the Court, SAWYER, C. J.:

This is an appeal from an order denying a motion for an order requiring the Sheriff to execute a writ of possession in the case of *Ford* v. *Doyle et al.* The proceedings and judgment in that case are altogether too loose and uncertain to justify the execution of the process issued against either of the parties named in the motion. There is no judgment against anybody, who appears by the record to be a party to the suit. The complaint is against —— Doyle, John Doe, and Richard Roe, without any averment to indicate that any of the names are fictitious, or intended to represent parties whose names are unknown. A summons issued, but there is no evidence that it was served on anybody. *John* Doyle answered. A trial of the issues thus raised having been had, no one appearing for the defendant, and the findings being in favor of plaintiff, judgment for possession of the premises described in the complaint, was rendered against *James* Doyle. How *James* Doyle got into the record does not appear. He is not named in the complaint, or in any

other portion of the record. It nowhere appears that he was a party intended to be sued by one of the names inserted in the complaint. He, therefore, does not appear to be a party to the suit, and the judgment might just as well have been against John Smith, or any other person, as against James Doyle. It does not appear that he was served, or that any default was entered against him. As he does not appear to be a party to the suit, we cannot presume that he has been served with process, or that he has had his day in Court.

The motion is for an order requiring the Sheriff to execute the writ of possession against *James* Doyle, *Jr.*, *James* Doyle, *Sr.*, and *Catharine* Doyle, neither of whom is a party to the action. Plaintiff insists that the affidavits show, that *James* Doyle, *Jr.*, was in possession at the time of the commencement of the action, and that he has continued in possession ever since; and that James Doyle, Sr., and Catharine Doyle, are thus living with James Doyle, Jr., or at least living on the land in subordination to him. If this be so, since they are not sued, and were in possession at the commencement of the suit, they were in no way affected by the judgment, and the Court properly refused to direct the Sheriff to execute the writ against them. (*Tevis* v. *Ellis*, 25 Cal. 515; *Calderwood* v. *Pyser*, 31 Cal. 333; *Wattson* v. *Dowling*, 26 Cal. 125; *Long* v. *Neville*, 29 Cal. 131.) The error of appellant consists in assuming that James Doyle, Jr., was a defendant in the action, which assumption is not supported by the record. *Sutter* v. *Cox*, 6 Cal. 415; *McNally* v. *Mott*, 3 Cal. 235; and *Farnham* v. *Hildreth*, 32 Barb. 278, bear upon this question.

Order affirmed, and remittitur directed to issue forthwith.