2,696.

E. C. TAYLOR, APPELLANT, *v.* J. I. UNDERHILL, RESPONDENT.

| 40 | 471 |
|---|---|
| 118 | 185 |

STATE LANDS—SWAMP AND OVERFLOWED LANDS—TIDE LANDS.—A certificate of purchase, as swamp and overflowed lands, of land on the Sacramento River, situated below high water mark, and over which the tide ebbs and flows, is void.

INJUNCTION—PATENT FOR LANDS.—A Court of equity will not interfere to restrain the issuance of a patent for lands which would not be a cloud on plaintiff's title, and does not include any portion of his land, although the patent when issued would be invalid, and would require evidence *dehors* to show its nullity.

SWAMP AND OVERFLOWED LAND—OBSTRUCTION TO NAVIGATION.—No right to obstruct navigation passes to the purchasers under the laws for the sale of swamp and overflowed lands.

RIPARIAN OWNER—ACCRETIONS.—A party as riparian-owner-cannot be protected as to accretions to his land which are not in existence, and which may or may not exist in the future.

The facts are stated in the opinion.

*Beatty* and *Denson,* for Appellants.

The Court erred in dismissing plaintiff's complaint and rendering judgment for defendant, because, from the pleadings and findings, it appears the defendant was about to obtain, and will obtain if not restrained, a patent for a strip of land in front of plaintiff's land to which he (defendant) is not entitled, and such patent will be a cloud on plaintiff's right to the slope of the bank in front of his claim.

*R. C. Clark* and *A. Comte, Jr.,* and *J. W. Armstrong,* for Respondent.

TEMPLE, J., delivered the opinion of the Court; RHODES, C. J., and CROCKETT, J., concurring:

The plaintiff avers that for more than eighteen years he has had possession, under the possessory laws of this State, of a tract of land in the county of Yolo, adjoining the Sacramento River, and including the village of Washington, opposite the city of Sacramento. That in November, 1868, the defendant, being County Surveyor, was employed to survey the tract, with a view of purchasing it from the State as swamp and overflowed land. That the defendant made the survey, extend-

ing as the plaintiff supposed, to the river; but in February, 1869, when he obtained the patent of the State, he discovered that the defendant in making the survey, had fraudulently omitted to call for the river as one of the boundaries of his tract, but run the eastern boundary along the levee on the river bank, and then made out a pretended survey for himself, which he dated two days before the survey made for plaintiff. That this survey was never, in fact, made, but was made up from the field-notes of the survey made for plaintiff; and that the river was fraudulently omitted from the calls of plaintiff's survey, in order that defendant might get title to a tract of land, which was really in the bed of the Sacramento river, including the sloping bank. That he has secured a certificate of purchase, and, unless restrained, will procure a patent and greatly injure the plaintiff, interfering with his right to the water-front, etc. Plaintiff asks that defendant be compelled to assign to him his certificate of purchase; that he be restrained from receiving a patent, and for other relief. The defendant denied all of these charges which tend to show fraud, and avers that he made the survey for himself, and filed in the State Land Office his application to purchase the land surveyed for himself two days before he was employed by the plaintiff to survey his tract.

Written findings were filed, but no express finding was made upon the question of fraud, upon which the right of the plaintiff to the relief demanded chiefly depends. The Court probably refused to make an express finding upon this point, for the reason that it did find certain facts, which in the opinion of the Court, rendered the question of fraud entirely immaterial.

It found that the land in controversy is below high-water mark, and that the tide ebbs and flows over it; and, as a conclusion of law, that neither party could purchase the land as swamp and overflowed land. The certificate of purchase obtained by defendant was therefore void, and his patent, if he obtained one, would also be void, and no

injury could result to plaintiff from defendant's claim. Plaintiff's bill was therefore dismissed.

Upon the facts found in this case there can be no doubt that the certificate of purchase was improperly issued to the defendant ; and if those findings are true, it is somewhat surprising that he has been able to proceed so far with his application as to obtain the certificate. It could not have been intended in authorizing the sale of the swamp and overflowed lands to enable persons to obtain titles to lands under the navigable waters, which are incapable of being reclaimed for agricultural purposes, and which could not be utilized without materially interfering with navigation. (*People* v. *Morrill*, 26 Cal. 336.)

While, however, the attorney for the plaintiff admits that that the patent, which the defendant may obtain, would be invalid, when these facts should be made to appear, he claims that it would not be void upon its face, but it would require evidence *dehors* the patent to show its nullity, and, therefore, its possession would be injurious to the plaintiff.

We think the plaintiff is correct as to the effect of the patent, but we do not see upon what principle the Court will give him relief. The claim of the defendant is not a cloud upon his title. There is no claim to any portion of his land. Admitting that the title of the State would pass to the defendant under the patent it would not authorize him to change the water-front or obstruct navigation. The State can probably sell the land and authorize the purchaser to extend the water-front so as to enable him to build upon this land ; but this must be done in the interest of commerce, and that must be first determined by the Legislature. No such right to obstruct navigation passes to a purchaser under the laws for the sale of swamp and overflowed land. If, therefore, the defendant acquires a patent, he would not have, under the facts found in this case, the right to obstruct the plaintiff in the free use of the water-front.

The plaintiff, as a riparian owner, has also a right to accretions to his land, and it is said the claim of the defendant will be a cloud upon his title to such accretions. But as yet there is no such property, and there may never be. He

cannot ask the Court to interfere in advance, and prevent a cloud being cast upon his title to that which may never have an existence.

If the facts found are correctly found, we think there was no error in refusing to find upon the other issues, for they become immaterial. Judgment affimed.

By WALLACE, J.: I concur in the judgment.