[No. 9047.    Department Two. — May 25, 1886.]

# THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, RESPONDENT, v. C. G. SHIPMAN ET AL., APPELLANTS.

INJUNCTION — FORECLOSURE SALE — CLOUD ON TITLE — JUDGMENT. — A sale under a judgment for the foreclosure of a lien would not create a cloud upon the title or in any manner affect the rights of one owning the fee and in the actual possession of the land, but not a party to the judgment; and a court of equity will not enjoin the sale at his instance.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Bates*, for Appellants.

*Wilson & Wilson*, and *M. C. Hassett*, for Respondent.

McKEE, J.—On the 21st of November, 1879, Alice Dorland recovered a judgment in the District Court of the twenty-third judicial district for the city and county of San Francisco, against J. S. Alemany and the Hibernia Savings and Loan Society, for foreclosure of a lien upon a certain tract of land, to secure satisfaction of of the sum of $5,902 and costs of suit.

The present constitution abolished the District Courts, and created Superior Courts to succeed them. As the successor of the District Court of the city and county of San Francisco, the Superior Court of said city and county, on the 8th of August, 1882, issued upon the judgment recorded in the District Court an order of sale, commanding the sheriff of the city and county to sell the tract of land charged with said lien, for satisfaction of the money ascertained to be due. In obedience to the order, the sheriff advertised the land to be sold on the 30th of October, 1882, in accordance with the terms of the judgment and order of sale; but before the day of sale the plaintiff herein commenced the action in hand against the judgment creditor, and a claimant under her of some interest in the judgment, and the sheriff, to restrain them from selling the land under the order of sale, upon the ground that the plaintiff, a corporation sole created and working under the laws of the state, known by the name and style of "The Roman Catholic Archbishop of San Francisco," was the owner in fee of the land, and was not a party to the judgment.

Upon filing the complaint in the action, a different judge of the court issued an interlocutory injunction restraining the sale; and another judge of the same court made the injunction perpetual; so that the judgment creditor has been forever enjoined from enforcing her judgment, because the plaintiff herein was not a party to it.

Yet, it is an undeniable fact that J. S. Alemany was a party to the judgment; and admittedly, he was, at the

time of the judgment, and long prior thereto, the Roman Catholic Archbishop of San Francisco. But it is urged that he was a party to the judgment *only* in his individual and not in his corporate capacity. Nevertheless, it was alleged in the original complaint that J. S. Alemany and the Hibernia Savings and Loan Society were owners of the land, and that the land was charged with a lien in favor of the plaintiff, and so the court found and adjudged. Now, the original cause of action was merged in that judgment,—*transit in rem judicatam;* and the law declared the judgment conclusive as to the parties to it, and their successors in interest, by title subsequent to the commencement of the action. (Code Civ. Proc., sec. 1908.) As to the matters determined by the judgment, the litigation between the parties and their successors in interest, therefore, ended, and the judgment was conclusive and binding upon whatever interests in the land the judgment debtors possessed at the creation of the lien adjudged in favor of the plaintiff.

The interest to which the lien attached may not have constituted a valid title; it may not, in fact, have been of any value; but whatever it was, the party in whose favor the right to it was adjudged was entitled as matter of right to have her judgment against it enforced by legal process. Neither the parties to a judgment nor their successors in interest have any right in law or equity to hinder the enforcement of a valid, unsatisfied judgment against them, except for causes which would warrant the court in which it was given to set it aside or enjoin its execution.

But before the preventive remedy of injunction can be invoked for that purpose, there must be some special circumstances attending the enforcement of the judgment which will make out a case remediless at law, and which comes under some recognized head of equity jurisdiction. In favor to parties to a judgment, equity may interfere to stop the execution of a judgment where it has been obtained by imposition upon the court or by

fraud practiced upon the parties (*Cal. Beet Sugar Co.* v. *Porter*, 68 Cal. 369); and it will interfere in favor of one who was not a party to the judgment where it is made to appear that its enforcement would work irreparable injury to land of which he is owner and in possession, or deprive him of its use and enjoyment, or create a legal cloud upon his title.

It is not claimed that the judgment which has been perpetually enjoined was obtained by any imposition upon the court, or any fraud practiced upon the parties, or that its enforcement would work irreparable injury to the land of the plaintiff, or interfere with the plaintff's enjoyment and use of the same.    Indeed, the validity of the judgment and of the process issued upon it, as to the parties to it, are not questioned.    The allegations of the complaint are: that the corporation plaintiff "has been, and still is, the owner, seised in fee, and in the actual possession and actual occupation of the land" affected by the judgment; "that the judgment itself is a cloud upon the title of the corporation plaintiff, and if a sale be allowed to be made, it will still more cloud the title"; therefore, as it was not a party to the judgment, the plaintiff asks that the judgment creditor be perpetually enjoined from enforcing the judgment by a sale of the land under the order of sale.    The cause of action is therefore in the nature of an action *quia timet.*

Bills *quia timet* are in the nature of writs known at the common law as *brevia anticipantia,* or writs of prevention, to accomplish the ends of precautionary justice.    They are ordinarily applied to prevent wrongs or anticipated mischief, and not merely to redress them when done. The party asks the aid of the court because he fears some future probable injury to his rights or interests, and not because an injury has already occurred which requires compensation or other relief. (Story's Eq. Jur., sec. 826; Willard's Eq., sec. 393.)    That is the character of the complaint in this action; the corporation plaintiff,

although it admits that it is in possession of the property in controversy under the true title to it, is afraid that a sale of the land under the judgment, to which it claims to be a stranger, will cloud its title.

The question whether the plaintiff was a party or privy to the judgment, and therefore bound by it, is one which, in the view that we take of the action, does not necessarily arise, and we express no opinion upon it. But assuming it to be true, as the plaintiff alleges in its complaint, that it was not a party and not bound by the judgment, then it is of no concern to the plaintiff.

One who is not a party or privy to a judgment is not affected by it. As to him the judgment and all proceedings under it are void. Neither the judgment nor an execution sale of land affected by it can change his rights in the land or create a cloud upon his title. A deed resulting from such a sale would be void as to him; and a void deed cannot work mischief (*Fonda* v. *Sage*, 48 N. Y. 173), nor afford reasonable ground for apprehending injury to rights or interests in the real property which it purports to convey. Fears of such an injury would be therefore unreal; and a court of equity never interferes to enjoin a sale of land upon an idle or groundless suspicion, an unreal fear, or the mere possibility of its casting a cloud over the title of one in actual possession of the land under an unchallenged title. (*Hartman* v. *Reid*, 50 Cal. 485; *Schroeder* v. *Gurney*, 73 N. Y. 430; *Sanders* v. *Village of Yonkers*, 63 N. Y. 489; *Petitt* v. *Sheppard*, 5 Paige, 473.)

And as a deed in consummation of a sale under an execution issued upon a judgment void as to him, although valid as between the parties to it, would also be void as to him, it could not be used as a basis for the issuance of a writ of *habere facias possessionem* to dispossess him of the property, nor as evidence of title upon which to maintain ejectment upon it against the owner in possession; therefore, as neither the judgment

nor proceedings under it would affect his title nor disturb his enjoyment of the land of which he is in possession, there would be nothing in the proceedings to disturb his rights or which would develop into a cloud over his title.

To constitute a cloud upon title such as warrants the interference of a court of equity, it is necessary to show, by proof of extrinsic facts, the invalidity of proceedings apparently valid on their face. (*Scribner* v. *Allen*, 12 Minn. 148.)   Thus, if in an action of ejectment founded upon a judgment, execution sale, and sheriff's deed, it would devolve upon the owner in possession of the land sought to be recovered to prove the invalidity of the proceedings resulting in the deed, or to show a superior title in himself from the same source of title, the proceedings would be held to cast a cloud upon the title. But it is only where such proof is necessary that a cloud would exist.   Where such proof is unnecessary no shade would be cast by the proceedings (*Pixley* v. *Huggins*, 15 Cal. 127; *Hickman* v. *O'Neal*, 10 Cal. 293; *Cohen* v. *Sharp*, 44 Cal. 29); and a court of equity will not interfere to enjoin them.   (*City and County of San Francisco* v. *Beideman*, 17 Cal. 444; *Hollister* v. *Sherman*, 63 Cal. 38; *Taylor* v. *Underhill*, 40 Cal. 471; *Schuyler* v. *Broughton*, 65 Cal. 252.)

*Shattuck* v. *Carson*, 2 Cal. 588; *Guy* v. *Hermance*, 5 Cal. 74; S. C., 63 Am. Dec. 85; *Hickman* v. *O'Neal*, 10 Cal. 293; *Alverson* v. *Bogardus*, 10 Cal. 16; *Pixley* v. *Huggins*, 15 Cal. 127; *Hager* v. *Schlinder*, 29 Cal. 55; *Ramsdell* v. *Fuller*, 28 Cal. 38,—are not in conflict with these views.   Those cases constitute a class of cases in each of which equity interposed to enjoin a sale of land under an execution issued upon a money judgment recovered against the person from whom the plaintiff in the action derived title to the land before the recovery of the judgment; and the relief was granted upon the ground that the sale, if consummated, would result in a deed which would

create a legal cloud upon the plaintiff's title, because in an action of ejectment against him founded upon such a deed, it would be necessary for him to prove that he had acquired the title of the judgment debtor before the recovery of the judgment.

The case in hand does not belong to that class of cases. From the statement in the complaint, the plaintiff is in the actual possession of the land, under what it claims to be an unchallenged title, which, so far as appears from anything in the complaint, is not derived from any of the parties to the judgment, nor from the same source of title from which a purchaser at the sale which is asked to be enjoined would claim if he asserted any claim of title to the land.

That being the case as presented in the complaint, if an action of ejectment should be commenced by such a purchaser against the plaintiff in possession, founded upon a deed resulting from a sale under the judgment, it would be necessary for the purchaser, as plaintiff in the action, in order to recover, to prove the judgment and execution under which the sale took place (*Sullivan* v. *Davis*, 4 Cal. 292; *Quirk* v. *Clark*, 47 Cal. 453); but such proof would not avail against one who was not a party to the judgment, and the action would fall of its own weight, without any proof in rebuttal, for on the face of the proceedings they would be void as to a stranger; and the owner in possession could not be disturbed in his possession by them, nor would they create a legal cloud upon his title. (*Pixley* v. *Huggins*, 15 Cal. 127; *Fulton* v. *Hanlon*, 20 Cal. 484, 485; *Curtis* v. *Sutter*, 15 Cal. 264; *Cohen* v. *Sharp*, 44 Cal. 30; *Mariana* v. *Smith*, 27 Cal. 650.)

Besides, if, as the result of the sale sought to be enjoined, any attempt should be made under the proceedings to dispossess the plaintiff, the law affords ample and complete remedies for prevention or redress in the court that issued the process for the enforcement of the decree,

by refusing a writ of *habere facias possessionem,* or super-seding it if it should be issued (*Tevis* v. *Ellis,* 25 Cal. 515; *Long* v. *Neville,* 36 Cal. 455), or by an original action in that or any other court of equity to enjoin its execution for matters subsequent to judgment (*Goodnough* v. *Sheppard,* 28 Ill. 191), or to have determined any adverse claim to the land predicated upon the sheriff's deed (Code Civ. Proc., sec. 738); and where adequate and complete remedies exist at law or equity for any injuries which may happen in the future, a bill *quia timet* cannot be resorted to. (*White* v. *Fratt,* 13 Cal. 521; *Ketchum* v. *Prior,* 37 Cal. 223; *Curtis* v. *Sutter,* 15 Cal. 265.)

The complaint fails to state a case cognizable in equity.

Judgment and order reversed, and cause remanded, with directions to the court below to sustain the demurrer.

THORNTON, J., and SHARPSTEIN, J., concurred.

Rehearing denied.