## G. L. Kidder v. Lucy Floyd Walker.

### Gen. No. 12,042.

1. FORCIBLE DETAINER—*what judgment in, res judicata of.* A judgment in forcible detainer is *res judicata* of the breach of the condition of a lease concerning failure to surrender the premises at its termination, in an action instituted to recover liquidated damages for the wrongful withholding of such premises.

2. RES JUDICATA—*of what judgment is.* A judgment is *res judicata* not only of the questions actually determined in the cause but of all questions which might have been heard and determined thereunder.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed July 17, 1905.

**Statement by the Court.** Appellee by written lease demised certain premises to appellant for the term of one year ending April 30, 1901. The lease provided that appellant should pay $5 per day for the time he might withhold possession after the end of the term, and should not

sublet the premises or any part thereof. On the trial appellee put the lease in evidence. She also offered and the court received in evidence the proceedings in a forcible detainer suit brought by her against appellant and one Oblander, in which judgment for the possession of said premises in favor of appellee was entered June 4, 1901. The evidence tends to show that the possession of said premises was not surrendered to appellee until June 10, 1901, and that the premises were then out of repair. The evidence further tended to show that it reasonably cost appellee $20 to repair the premises, and that she was not able to obtain another tenant until October 15, 1901. Judgment was rendered upon the verdict of the jury, for the sum of $125, and thereupon the present appeal was perfected.

J. S. DUDLEY, for appellant.

JAMES R. WARD, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant contends that the judgment in forcible detainer is not sufficient evidence to establish a breach of the condition of the lease concerning failure to surrender the premises at its termination; that this contention is based upon the distinction between estoppel by judgment and estoppel by verdict; that in the forcible detainer proceedings the issue was the possession of the premises, while in the case at bar liquidated damages for the detention of and injury to the premises are sought to be recovered; therefore the judgment in forcible detainer is an estoppel by verdict, and hence is conclusive as to the matters and things only which were necessarily determined by or shown to have been involved therein.

It is in evidence that the premises described in the lease and those described in the forcible detainer proceedings are the same. The real parties to each suit are the same. In the latter suit appellant appeared and disclaimed. By

that act he denied that he was withholding the possession of these premises at the time the complaint therein was filed. This question thus put in issue was necessarily involved in that action. The determination against appellant precluded him from introducing upon this trial any evidence tending to impeach or to contradict that judgment. "Where some controlling fact or question, material to the determination of both causes of action, has been adjudicated in a former suit, and the same fact or question is again at issue between the same parties, its adjudication in the first, will, if properly presented, be conclusive of the same question in the latter suit, irrespective of whether the cause of action is the same in both suits or not." Brack v. Boyd, 211 Ill., 293; McKinney v. Finch, 1 Scam., 152; Guinard v. Heysinger, 15 Ill., 288; Hanna v. Read, 102 Ill., 605; Tilley v. Bridges, 105 Ill., 340; Stone v. Salisbury, 209 Ill., 65.

The evidence offered by appellant and excluded by the court was in relation to matters that were necessarily determined by the justice of the peace prior to rendering the judgment in the forcible detainer suit. This evidence, if competent in any action, was competent and should have been offered in the justice court. Not having been offered in that court, appellant is estopped to present it here as a defense.

It clearly appears that the actual damages suffered by appellee by reason of the default of appellant are greater than the amount of the stipulated damages as shown by the verdict.

Substantial justice having been done in this case, and no reversible error appearing in the trial, we affirm the judgment of the Circuit Court.

*Affirmed.*