[L. A. No. 2022.  Department One.—July 3, 1908.]

M. S. BRUM, Respondent, v. E. C. IVINS et al., Appellants.

JUDGMENT WHEN BINDING ON DEFENDANT SUED AND SERVED—DEFAULT.
—A person bearing the name of a defendant sued, if he is duly
served with summons and permits judgment to go against him by
default, cannot maintain an action to enjoin the execution of the
judgment upon the mere ground that he was not in fact liable
on the obligation which formed the basis of the judgment.

ID.—PRESUMPTION OF IDENTITY—SERVICE BINDS PARTY SERVED.—While
identity of names raises merely a presumption of identity of person,
and there may be many persons bearing the name designated as that
of the defendant in the proceeding, the only individual of that name
who becomes a party to the suit is the one who is served. If he
is not liable upon the cause of action set up, he has his opportunity
to assert that defense when he is by service brought into the
action.  Failing to do so, he cannot, after judgment has gone
against him, resist its enforcement on the ground that he, although
named in the proceeding and served, was not the party intended to
be served.

ID.—PARTY SUED AND SERVED UNDER FICTITIOUS NAME.—A judgment
is binding upon the party served, even though he may have been
sued or served by a false or fictitious name.  If so sued and served,
he must come in and set up the misnomer and whatever defense
he may have, or else be held concluded by the judgment.

ID.—PROOF OF IDENTITY UPON ENFORCEMENT OF JUDGMENT.—It must
be shown by the party relying on a judgment that the person
served is the same as the person against whom it is sought to
enforce the judgment.  The presumption is that different names
designate different persons.

ID.—SIMILARITY OF NAMES—ENJOINING ENFORCEMENT OF JUDGMENT—
EXECUTION—CLOUD ON TITLE.—A person named "Manuel S. Brum,"
who is duly served in an action against a defendant named therein
as "Manuel S. de Brum," and who permits judgment by default to
go against him, cannot enjoin the execution of such judgment. If
such names are not to be considered as identical, a purchaser under
execution sale could not recover possession or establish title against
the person served without allegation and proof that he, although
designated by a wrong name in the proceedings leading to the
execution, was, in fact, the party who had been sued.  If such
showing were made, the party served would be bound by the judg-
ment, and would have no ground for relief against its enforcement.
If it could not be, the execution would afford no authority for
selling the property of the person served.  On the face of the
proceedings, the sale would appear to have been made on an

execution against another person. Such sale would be *prima facie* void, would cast no cloud on the title, and, therefore, should not be enjoined.

ID.—GROUNDS OF DEFENSE TO ORIGINAL ACTION.—If such names are to be considered as identical, the party served and who made default, in the absence of any showing of imposition or fraud on the part of the adverse party, or any showing of mistake, surprise, or other equitable ground excusing the failure to defend, cannot enjoin the execution of the judgment on grounds which would have been a defense to the original action.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Albert Nelson, for Appellants.

William Mallagh, and R. V. Bouldin, for Respondent.

SLOSS, J.—This action was brought in the superior court of San Luis Obispo County to restrain the sheriff of said county and his deputies from levying a certain execution upon plaintiff's real estate.

On October 10, 1904, one Blumenthal commenced an action in the justice's court of the city and county of San Francisco against Manuel S. de Brum to recover sixty dollars with interest, alleged to be due on a promissory note made and delivered by Manuel S. de Brum to Dr. Meyers & Co., or order, and assigned to Blumenthal. The note, as set forth in the complaint, was by its terms, payable at San Francisco. Summons was issued and was regularly served on M. S. Brum, the plaintiff in this action. He made no appearance in the suit in the justice's court, and judgment went in that court by default in favor of Blumenthal, and against the defendant named in the complaint. Thereupon an execution was duly issued to the sheriff of San Luis Obispo County (defendant herein) and placed in his hands with instructions to levy on the real property of plaintiff in this action. The court found, following the allegations of the complaint, that plaintiff had never had any dealings with Dr. Meyers & Co., that he had never executed the promissory note sued on in the justice's court, and that he had never been indebted to Dr. Meyers

& Co. It further found that plaintiff's full name is Manuel S. Brum, that he always signs "M. S. Brum," and has never signed his name to any instrument as "Manuel S. de Brum." The findings state that plaintiff did not appear in the action in the justice's court because he "had signed no promissory note in said case or made any contract with Dr. Meyers & Co." On these facts the court gave judgment restraining the defendants from levying execution against the plaintiff's property. The defendants appeal.

The respondent necessarily rests his claim to relief upon the fact that the complaint, summons, and judgment in the justice's court named the defendant there as Manuel S. de Brum, while the plaintiff here, whose property is sought to be taken in satisfaction of that judgment, is named Manuel S. Brum. If the action in the justice's court had proceeded against Manuel S. Brum, it would hardly be contended that a person bearing that name could, after being duly served with summons and permitting judgment to go against him by default, maintain a proceeding to enjoin the execution of the judgment upon the mere ground that he was not in fact liable on the obligation which formed the basis of the former judgment. The justice's court had jurisdiction of the subject-matter of the action (Code Civ. Proc., sec. 832), and by the service of summons on the defendant named would, in the case supposed, have secured jurisdiction of his person. "A judgment in favor of the plaintiff necessarily establishes his right to the relief given *against the person served.*" (Van Fleet on Collateral Attack, sec. 367.) While identity of names raises merely a presumption of identity of person, and there may be many persons bearing the name designated as that of the defendant in the proceeding, the only individual of that name who becomes a party to the suit is the one who is served. If he is not liable upon the cause of action set up, he has his opportunity to assert that defense when he is by service brought into the action. Failing to do so, he cannot, after judgment has gone against him, resist its enforcement on the ground that he, although named in the proceedings and served, was not the party intended to be served. "The cases all agree on this point." (Van Fleet on Collateral Attack, sec. 367.)

Here the name of the person designated as defendant in the justice's court action differed somewhat from the name of

this plaintiff. The weight of authority is to the effect that a judgment is binding upon the party served, even though he may have been sued or served by a false or fictitious name; that a party regularly served with summons, although under a name not his own, must come in and set up the misnomer and whatever defense he may have, or else be held concluded by the judgment. (1 Freeman on Judgments, 4th ed., sec. 50a; Van Fleet on Collateral Attack, sec. 356; *Foshier* v. *Narver*, 24 Or. 441, [41 Am. St. Rep. 874, 34 Pac. 21]; *Bloomfield R. R. Co.* v. *Burress*, 82 Ind. 83; *Lafayette Ins. Co.* v. *French*, 18 How. (U. S.) 404; *Guinard* v. *Heysinger*, 15 Ill. 288.) It must be shown by the party relying on the judgment that the person served is the same as the person against whom it is sought to enforce the judgment. The presumption is that different names designate different persons. Thus, it has been held in this court that where the defendant had been sued and served by the name George N. Mott, and had defaulted, the judgment entered could not, on plaintiff's motion and without notice to defendant, be amended by altering the name "George" to "Gordon." The court said that there was no proof in the record that George and Gordon were the same person, and *"prima facie,* two different names must be held to signify two different persons." (*McNally* v. *Mott*, 3 Cal. 235; see, also, *Sutter* v. *Cox*, 6 Cal. 415; *Houghton* v. *Tibbets*, 126 Cal. 57, [58 Pac. 318].) But if, on proper proceedings it is shown that a person was served with process in an action brought against him, the judgment will bind him, although he may have been wrongly named.

The cases last above cited involved substantial differences in names. There are cases of slight errors in spelling, which do not destroy the virtual identity of name, (*idem sonans*). Such errors are disregarded entirely. For example, in *Seaver* v. *Fitzgerald*, 23 Cal. 85, it was held that a valid judgment against D. C. Seaver could be based on a publication of summons designating the defendant as "D. C. Seavers." "The names," said the court, "are substantially the same."

This case must fall, so far as the variation of names is concerned, in the class of cases like *McNally* v. *Mott*, or in that represented by *Seaver* v. *Fitzgerald*. That is to say, the names "Manuel S. Brum" and "Manuel S. de Brum" must be regarded either as *prima facie* the names of different persons

or as substantially the same. In either view the respondent was not entitled to the relief here sought and granted.

If the name of the person against whom the judgment and execution ran is not the name of plaintiff, a purchaser under execution sale could not recover possession or establish title against plaintiff without allegation and proof that the plaintiff, although designated by a wrong name in the proceedings leading to the execution, was, in fact, the party who had been sued. If such showing could be made, the plaintiff would be bound by the judgment, and would have no ground for relief against its enforcement. If it could not be, the execution would afford no authority for selling plaintiff's property. On the face of the proceedings, the sale of plaintiff's property would appear to have been made on an execution against another person. Such sale would be *prima facie* void. It would cast no cloud on plaintiff's title, and should not, therefore, be enjoined. (*Roman Cath. Archbishop* v. *Shipman*, 69 Cal. 586, [11 Pac. 343]; *Russ etc. Co.* v. *Crichton*, 117 Cal. 695, [49 Pac. 1043].)

On the other hand, if there be no substantial difference between the names "Manuel S. Brum" and "Manuel S. de Brum," we have the case, hereinabove supposed, of an action by a party regularly sued and served to enjoin the enforcement of a judgment rendered by a court having jurisdiction of the subject-matter and of the parties. A court of equity is asked to interfere on behalf of a judgment debtor who claims that he had a meritorious defense to the original action but failed to set up that defense. His neglect to appear in the justice's court and deny the averments of the complaint which had been served upon him was not due to any imposition or fraud on the part of the adverse party, nor is there a showing of mistake, surprise, or other equitable ground excusing the failure to defend. Nothing is better settled than the rule that a defendant who, under such circumstances, fails to defend against an action at law, cannot have relief in equity against the judgment in the action, on grounds which would have been a defense to the original suit. (23 Cyc. 1006; *Phelps* v. *Peabody*, 7 Cal. 50; *Mastick* v. *Thorp*, 29 Cal. 444; *Agard* v. *Valencia*, 39 Cal. 292; *Ede* v. *Hazen*, 61 Cal. 360.)

The record discloses no ground for the granting of relief against the execution of the judgment. Upon the facts found, judgment should have gone for the defendants.

The judgment is reversed, with directions to the trial court to enter judgment that plaintiff take nothing by the action and that the defendants recover their costs.

Shaw, J., and Angellotti, J., concurred.