[No. B208353. Second Dist., Div. Four. Apr. 27, 2009.]

GUILLERMINA SAKAGUCHI, Plaintiff and Respondent, v.
TAKESHI TED SAKAGUCHI, Defendant and Appellant.

**COUNSEL**

Law Offices of Ronald Golan, Ronald T. Golan; Beverly Hills Law Group and Alan Forester for Defendant and Appellant.

Law Offices of Yolanda Franco, Yolanda Franco and Jennifer M. Blair for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, P. J.**—Takeshi Ted Sakaguchi[1] appeals from an order denying his motion to set aside an entry of default and subsequent default judgment against him. His primary argument is that service of process and the statement of damages were defective. Because of that, he contends, the judgment is void or voidable and subject to being set aside pursuant to Code of Civil Procedure sections 473, subdivision (d), and 473.5, or under the court's equitable power.[2]

We conclude service was proper, and Takeshi is not entitled to relief on statutory or equitable grounds. We shall affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

In March 2004, Takeshi entered a guilty plea to one count of corporal injury to a spouse and was sentenced to state prison. While he was incarcerated, his spouse, respondent Guillermina Sakaguchi, commenced the present civil action. Guillermina's complaint, filed October 8, 2004, alleged causes of action for assault, battery, domestic violence, false imprisonment, intentional infliction of emotional distress, negligence, and defamation, and requested

---

[1] Appellant's first name is spelled "Takechi" throughout most of the record. Because he asserts that the correct spelling of his name is "Takeshi," we use the latter spelling except when quoting the record.

As appellant and respondent share the same last name, we refer to them by their first names. We do so for convenience and intend no disrespect.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

compensatory and punitive damages. "Takechi 'Ted' Sakaguchi, and Does 1 through 10" were named as defendants.

In early 2005, Guillermina made her first attempt to serve process by mail on Takeshi at Avenal State Prison, where he was housed. The court clerk rejected the proofs of service and notice and acknowledgement forms procured during Guillermina's initial attempts at service, requiring her to repeat her efforts to serve process on Takeshi at the prison.

In April 2005, the court clerk received a letter from appellant in which his name appeared as "Takechi Sakaguchi." The letter read, "This is an inquiry as to the status of the above-entitled case. I haven't the slightest idea where this case stands. I am incarcerated and have no knowledge of the legal process (a fellow inmate helped me with this letter). . . . [¶] I am expected to parole in July 2005 and I intend to defend the allegations set forth by the Plaintiff, Guillermina Sakaguchi." No formal response to the complaint was filed by Takeshi.

On August 10, 2005, Guillermina requested entry of default. The court clerk rejected the request for a number of reasons, including the absence of the original summons, a statement of damages, and a completed notice and acknowledgement form as required for service by mail. Guillermina subsequently attempted to serve a notice of request for entry of default and a statement of damages on Takeshi at the prison by mail. She filed a second request for entry of default on November 16, 2005. Again, the request was rejected on several grounds, including the absence of the original summons and a completed notice and acknowledgement form. Guillermina served another notice of request for entry of default and statement of damages on Takeshi by mail at the prison at the end of November 2005.

Takeshi mailed a letter marked "Legal Mail" from his address at the prison to Guillermina's attorney on December 12, 2005. The letter provided Takeshi's version of the events underlying Guillermina's causes of action, but did not reference the pending lawsuit.

On January 5, 2006, Guillermina filed a third request for entry of default, which was accepted and entered by the court clerk. A default judgment in the amount of $2,507,937 was entered against Takeshi on February 2, 2007.

Takeshi filed a motion to set aside the entry of default and default judgment on November 6, 2007. The trial court denied Takeshi's motion in an order dated May 5, 2008. The court made findings that service of process

and the statement of damages had been proper and that Takeshi had actual notice of the proceedings. This timely appeal follows.[3]

## DISCUSSION

Takeshi contends he was not properly identified as a defendant because his name was misspelled, and that service of the summons and the statement of damages was defective. He asserts that the judgment against him was therefore void and should have been set aside pursuant to section 473, subdivision (d), or 473.5, or under the court's equitable power.

### I

We first address Takeshi's contention that the judgment is invalid because the summons and complaint have his first name incorrectly spelled as "Takechi."

In his opening brief, Takeshi's entire argument regarding this issue is as follows: "C.C.P. §420.20(a) [*sic*] provides in relevant part: [¶] The summons must be 'directed to the defendant' and must contain 'the names of the parties to the action.' "[4] He apparently wishes us to infer that Guillermina violated section 412.20 by misspelling his first name, but he cites no authority for this proposition. To the contrary, " 'if the service is otherwise properly made, and the person served is aware that he is the person named as a defendant in the erroneous manner, jurisdiction is obtained.' " (*Billings v. Edwards* (1979) 91 Cal.App.3d 826, 831 [154 Cal.Rptr. 453]; see also *Brum v. Ivins* (1908) 154 Cal. 17, 20 [96 P. 876] ["[I]f . . . it is shown that a person was served with process in an action brought against him, the judgment will bind him, although he may have been wrongly named. [¶] . . . There are cases of slight errors in spelling, which do not destroy the virtual identity of name . . . . Such errors are disregarded entirely."].)

As we shall explain, service of process on Takeshi was proper. Further, he identifies no evidence that the misspelling rendered him unaware that he was the person named as defendant. Accordingly, the slight error in the spelling of Takeshi's name does not entitle him to have the judgment set aside.

### II

Section 473, subdivision (d), provides that the court "may, on motion of either party after notice to the other party, set aside any void judgment or

---

[3] An order denying a motion to set aside the judgment is appealable, regardless of whether the time to appeal from the underlying judgment has expired. (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137 [80 Cal.Rptr.3d 398].)

[4] There is no section 420.20 in the Code of Civil Procedure. Takeshi seems to be referring to section 412.20.

order." A judgment may be void due to improper service of summons (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 [29 Cal.Rptr.2d 746]) or entry of default without proper service of a statement of damages (*Lopez v. Fancelli* (1990) 221 Cal.App.3d 1305, 1310–1311 [271 Cal.Rptr. 87]). Takeshi argues that the judgment against him is void due to ineffective service of both the summons and the statement of damages.

It is clear that the trial court did not reach the question of whether to exercise its discretion to set aside the judgment because it decided the threshold issue—whether the judgment is void—against Takeshi. Whether a judgment is void due to improper service is a question of law that we review de novo. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496 [52 Cal.Rptr.3d 862].)

## A

■ "[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. [Citation.] Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void." (*Dill v. Berquist Construction Co., supra,* 24 Cal.App.4th at p. 1444.) Takeshi contends Guillermina failed to comply with the statutory requirements for service of process by personal delivery (§ 415.10) or by mail (§ 415.30).

■ Takeshi was incarcerated at Avenal State Prison when Guillermina commenced this action. Service may be effectuated on a prisoner by serving process on the sheriff or jailer who has custody of the prisoner. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2008) ¶ 4:132, p. 4-20.) This rule is derived from section 416.90 and Penal Code section 4013. Section 416.90 provides: "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." The Judicial Council comment regarding this section explains, "Service is made by delivering, in a manner specified in Section 413.10, a copy of the summons and of the complaint to such person personally or to his agent. [¶] If process is delivered to an agent of defendant, such agent must be one who is authorized by law or by appointment to receive service of process . . . ." (Judicial Council of Cal., com., reprinted at 14B West's Ann. Code Civ. Proc. (2004 ed.) foll. § 416.90, p. 154.) Pursuant to Penal Code section 4013, a sheriff or jailer is authorized by law to receive service of process on behalf of a prisoner in his or her custody.[5]

---

[5] "(a) A sheriff or jailer upon whom a paper in a judicial proceeding, directed to a prisoner in his or her custody, is served, shall forthwith deliver it to the prisoner, with a note thereon of

■ Guillermina served process on the litigation unit coordinator at Avenal State Prison in accordance with the procedures for service by mail set out in section 415.30. That section provides that in order to effectuate service by mail, "[a] copy of the summons and of the complaint shall be mailed . . . to the person to be served, together with two copies of the notice and acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender." Documents in the record show that Guillermina complied with the statutory requirements for service by mail. A Judicial Council proof of service of summons form, dated June 22, 2005, states that the summons and complaint were addressed and mailed to "Takechi Sakaguchi, CDC #V41146, c/o Mr. Pitoniak, Litigation Coordinator at Avenal State Prison[,] Person Authorized to Receive Service [¶] Avenal State Prison, #1 Kings Way, P.O. Box 8, Avenal, California, 92304." A Judicial Council notice and acknowledgement of receipt form dated September 29, 2005, acknowledges receipt of a copy of the summons and complaint and is signed by "M. Diaz, Litigation Unit Coordinator, Avenal State Prison," with a typed notation, "Authorized to receive Service of Process." M. Diaz also signed a Judicial Council proof of service of summons form dated September 29, 2005, declaring that she had personally delivered the summons and complaint to Takeshi on that date.[6]

Takeshi argues that service by mail was ineffective because he did not personally sign the acknowledgement of receipt. He does not address the Penal Code section 4013 provision for service on an inmate by way of service on a sheriff or jailer. In fact, Takeshi's appellate briefs do not mention Penal Code section 4013. Takeshi argues that service via Avenal's litigation unit required personal, physical delivery to the unit, but fails to offer any legal authority for the proposition that service in accordance with Penal Code section 4013 may not be effectuated by complying with the statutory requirements for service by mail. Further, he does not assert that prison personnel failed to carry out their statutory duty to deliver the papers to him forthwith. We thus presume this duty was regularly performed. (Evid. Code, § 664.)

■ We conclude Guillermina complied with the statutory requirements for service of process. Accordingly, the judgment is not void due to improper service of process.

---

the time of its service. For a neglect to do so, he or she is liable to the prisoner for all damages occasioned thereby. [¶] (b) Service directed to a person who is incarcerated within any institution in this state may be served by any person who may lawfully serve process." (Pen. Code, § 4013.)

[6] Apparently, the first proof of service Guillermina submitted was rejected by the court clerk for being on an outdated form. This document showed that M. Diaz at Avenal State Prison delivered the complaint and summons to Takeshi on March 3, 2005. Though the trial court mentioned this form as evidence that Takeshi was personally served and had actual knowledge of the proceedings, we do not rely on this proof of service in reaching our conclusion that service was effective.

## B

■ When a complaint alleges damages for personal injury, the plaintiff must serve on the defendant a statement setting forth the nature and amount of damages being sought before a default may be taken. (§ 425.11, subds. (b), (c).) When, as in this case, the defendant has not made an appearance, the statement must be served in the same manner as a summons. (§ 425.11, subd. (d).) "The purpose of section 425.11 is to ' "give defendants 'one last clear chance' to respond to allegations of complaints by providing them with 'actual' notice of their exact potential liability." ' ". (*Scognamillo v. Herrick* (2003) 106 Cal.App.4th 1139, 1147 [131 Cal.Rptr.2d 393].)

Takeshi asserts that section 425.11 requires that a statement of damages be "personally (Physically) served." This interpretation of section 425.11 is at odds with the plain language of the statute: "If a party has not appeared in the action, the statement shall be served in the same manner as a summons." (§ 425.11, subd. (d)(1).) As already discussed, a summons may be served by mail so long as the statutory requirements of section 415.30 are fulfilled. Thus, a statement of damages also may be served by mail, subject to the same requirements.

■ In a similar vein, Takeshi asserts that the statutory procedure for service by mail may not be used to serve a statement of damages, because section 415.30 only refers to service of a "summons." This argument is unavailing, because section 425.11 requires that the statement of damages be served "*in the same manner as a summons.*" (§ 425.11, subd. (d)(1), italics added.) " ' "[W]e do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " ' " (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 [45 Cal.Rptr.3d 394, 137 P.3d 218].) In light of section 425.11, section 415.30 sets forth the procedure for service of a statement of damages by mail.

A Judicial Council proof of service of statement of damages form, dated November 22, 2005, and signed by Guillermina's attorney, Yolanda Franco, declares that a statement of damages was addressed to "Takechi 'Ted' Sakaguchi . . . c/o Mr. Pitoniak, Authorized to Receive Service, Litigation Unit Avenal Prison" and mailed to "Avenal State Prison, #1 Kinway, P.O. Box 8, Avenal, CA, 92304."[7] A Judicial Council notice and acknowledgement of receipt form, dated November 29, 2005, acknowledges receipt of a request

---

[7] We note that the street name in the mailing address for Avenal State Prison is spelled differently on the proof of service for the statement of damages than on the proof of service for the summons and complaint. Takeshi does not suggest that this discrepancy interfered with the delivery of either document.

for entry of default and statement of damages and is signed by "M. Diaz, Litigation Unit Coordinator, Avenal State Prison." (Although we do not find evidence in the record to establish exactly when Takeshi was released from prison, mail sent by Takeshi from Avenal State Prison in December 2005 indicates he was still incarcerated when the statement of damages was served.) This procedure complies with the statutory scheme for effective service on an inmate in a state prison.

We conclude the judgment is not void due to improper service of the statement of damages.

**III**

 Section 473.5 grants the trial court discretion to set aside a default judgment taken against a party who lacked actual notice of the action, and it sets forth the procedure with which the party moving to have the judgment set aside must comply.[8] Takeshi argues the trial court should have set aside the judgment under section 473.5, but he ignores his own failure to comply with the statute's procedural requirements.

Section 473.5 requires that the motion to set aside the default judgment be accompanied by "an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect" and "a copy of the answer, motion, or other pleading proposed to be filed in the action." (§ 473.5, subd. (b).) Takeshi's affidavit states, "I have never personally received any of the papers and/or documents that Mr. Golan [Takeshi's attorney] is talking about in his declaration.[9] I was in State Prison at the time and not at home." Notably, Takeshi does not declare that he lacked actual knowledge of the action, nor does the affidavit show that any lack of knowledge was caused by

---

[8] "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. . . . [¶] (b) A notice of motion to set aside a default or default judgment and for leave to defend the action . . . shall be accompanied by an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect. The party shall serve and file with the notice a copy of the answer, motion, or other pleading proposed to be filed in the action. [¶] (c) Upon a finding by the court . . . that [the moving party's] lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action." (§ 473.5.)

[9] Attached to Mr. Golan's declaration as exhibits were copies of the complaint, various proofs of service, notice and acknowledgement of receipt forms, requests for entry of default, statements of damages, lis pendens filed and recorded on Takeshi's property, and the default judgment.

excusable neglect. Nor did Takeshi submit an answer, motion, or other pleading, as required by statute, when he moved to set aside the default. Consequently, the trial court did not abuse its discretion in denying the motion to set aside the judgment on the basis of section 473.5. (See *Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319 [13 Cal.Rptr.3d 716].)

## IV

Finally, Takeshi argues that a court may set aside a void or voidable judgment under its general equitable powers. As explained above, we conclude the judgment against Takeshi is not void. Further, Takeshi has not shown that he is entitled to equitable relief on any other ground.

"[A] trial court may . . . vacate a default on equitable grounds even if statutory relief is unavailable." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [35 Cal.Rptr.2d 669, 884 P.2d 126].) The moving party carries the burden of proving that he or she is entitled to equitable relief. (*Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290–291 [47 Cal.Rptr.3d 602].) We review a challenge to the trial court's denial of a motion to vacate a default on equitable grounds for abuse of discretion. (*Rappleyea v. Campbell, supra,* 8 Cal.4th at p. 981.)

Takeshi does not demonstrate an abuse of discretion by the trial court. Takeshi's only discussion of the court's equitable power is found in the final five pages of his brief, following the heading, "THE COURT CAN SET ASIDE A VOID OR VOIDABLE JUDGMENT UNDER C.C.P. §473(d) AND/OR C.C.P. §473.5 OR UNDER ITS GENERAL EQUITABLE POW- ERS." These five pages consist of a verbatim reproduction of the entirety of 8 Witkin, California Procedure (5th ed. 2008) Attack on Judgment in Trial Court, sections 206 and 207, pages 811–813. Takeshi presents no argument or analysis as to how the general principles set forth in the treatise apply to the specific facts of this case. " 'The reviewing court is not required to make an independent, unassisted study of the record in search of error . . . .' [Citations.] It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.] If no citation 'is furnished on a particular point, the court may treat it as waived.' " (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [75 Cal.Rptr.2d 27]; see also *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 [71 Cal.Rptr.3d 775] ["An appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority."].)

We find no trial court error in refusing to grant relief on equitable grounds.

## DISPOSITION

The order denying Takeshi's motion to set aside the entry of default and subsequent default judgment is affirmed. Guillermina shall have her costs on appeal.

Willhite, J., and Manella, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 29, 2009, S174055. Corrigan, J., did not participate therein.