Filed 2/27/13  Beltz v. Brown CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ELLIN BELTZ,<br><br>      Plaintiff, Cross-Defendant, Respondent.<br><br>v.<br><br>JUSTIN HOBART BROWN,<br><br>      Defendant, Cross-Complainant, Appellant. | A132047<br><br>(Humboldt County<br>Super. Ct. No. DR080097) |

**I.**

**INTRODUCTION**

In this real estate dispute, respondent Ellin Beltz (Beltz) filed a complaint against appellant Justin Hobart Brown (Brown) for specific performance of a contract for sale of real property.  Brown answered and filed a cross-complaint against Beltz alleging numerous causes of action, including one to recover the fair rental value of the real property which he claimed Beltz "wrongfully occupied."  Brown appeals from a judgment following a court trial in which the court declined to rule in favor of either party, and concluded that each party should bear his or her own attorney fees and costs.

On appeal, Brown makes numerous contentions, challenging both the trial court's procedural and substantive rulings.  We conclude Brown has waived his contentions on appeal because he has: (1) not provided an adequate record for us to review his contentions; (2) not provided required citations to the record on appeal in support of his

1

assertions of fact and procedure; and (3) made insufficient substantive legal analysis in support of his contentions. Consequently we affirm the judgment.

## II.

## FACTS AND PROCEDURAL HISTORY

We first point out that this court has no reporter's transcript of the proceedings below. Instead, Brown has decided to proceed by settled statement, which was received by this court on December 14, 2011. (See California Rules of Court, rule 8.137.) The settled statement does not contain a factual summary; therefore, we have attempted to piece together the facts pertinent to Brown's contentions on appeal from various documents provided in the clerk's transcript.

On November 21, 2007, the parties executed a document entitled "Real Estate and Business Purchase Contract" (the contract) for the sale/purchase of real property, personal property and intellectual property. The real property is the Hobart Brown Gallery (the Gallery) at 393 Main Street, Ferndale, California. The contract price was $225,000. Brown is the son of Hobart Brown, deceased, and he signed the contract as trustee of the Hobart Brown Living Trust. Brown's sister, Emily Thompson, signed the contract as a beneficiary of the trust. The contract specifically grants to Beltz possession of the property in return for her operation of the Gallery and payment of the "existing first mortgage . . . current property taxes, insurance, repairs and maintenance." In the event of a dispute, the contract also contains a standard attorney fees provision. When the Gallery was sold to Beltz, it was encumbered by substantial liens, including $13,000 in past due realty taxes and $57,000 owed to the Small Business Administration.

Pursuant to the contract, Beltz took possession of the Gallery and operated it commencing November 24, 2007. However, when it came time to execute the required escrow documents, Brown refused because of a disagreement about specified artwork and personal property that had been in Beltz's possession due to her operation of the Gallery. These items are listed in a document referred to as Exhibit A.

On January 31, 2008, Beltz filed a suit for specific performance of the parties' contract. On September 8, 2008, Brown filed a cross-complaint against Beltz seeking,

2

among other things, the fair rental value of the property, which he claimed was being "wrongfully occupied" by Beltz.

Trial commenced on January 20, 2009. However, on January 8, 2009, shortly before trial, the real property which was the subject of the parties' dispute was foreclosed upon by third-party creditors. On January 28, 2009, the trial court granted Beltz's motion, over Brown's objection, to consolidate the complaint and cross-complaint for trial.

Trial resumed on May 11, 2010, almost 18 months later. The delay was caused by Brown's attempt to retain new counsel, among other reasons. At trial, Beltz presented evidence that she operated the Gallery to the best of her ability and that she made all of the payments required under the contract. Nevertheless, she sustained a financial loss in her operation of the Gallery. When the property was foreclosed upon, she vacated the premises and did not take any of the personal property or art owned by the Brown trust.

After a nonjury trial, the court issued a statement of decision. Although the statement of decision addressed a myriad of issues, we highlight only those findings that are pertinent to the issues Brown raises on appeal.

First, the court found Beltz's complaint for specific performance was moot. The court reasoned: "Due to no fault of [Beltz], on January 8, 2009, the property which was the subject of the Complaint for Specific Performance was foreclosed and acquired at foreclosure by [a third-party purchaser], rendering that issue moot. The duty of the court is to decide actual controversies, not to give opinions on moot questions or abstract issues [citation]."

With respect to the allegations made in Brown's cross-complaint that Beltz was in "wrongful and unlawful possession" of the property, entitling Brown to damages equivalent to "the value of such lost use," the court made the following pertinent findings: "Beltz was entitled to possession of the property ("Gallery") between November 24, 2007 and January 23, 2008 [*sic*][1] because Beltz was put into possession

---

[1] As Brown acknowledges, the date should be January 2009, not 2008.

3

by permission of the then owners of the property, Brown as Trustee and Brown and his sister, Emily Thompson, as beneficiaries of the Hobart Brown Living Trust." (CT 328)~ The court went on to find that "[t]heir permission did not require payment of rent and Beltz met the conditions of their permission such as payments for repairs, insurance, utilities, mortgage, property taxes, and Gallery management."

The court entered a judgment on November 16, 2010, concluding that Beltz "shall have and recover nothing on her Complaint" and that Brown "shall have and recover nothing on his Cross-Complaint." The court further stated that "there is no prevailing party in this action and all parties shall bear their own attorney's fees and costs." This appeal followed.

## III.

## DISCUSSION

In his appeal, Brown raises four issues. The first two issues are procedural. As to the procedural challenges, Brown claims the court erred in: (1) consolidating the complaint and cross-complaint for trial; and (2) refusing Brown's request that the court address a number of specified issues in its statement of decision. As to the two substantive issues raised, Brown claims the court erred in: (3) finding that the issue of the enforceability of the contract was rendered moot by the foreclosure and that Brown had no right to recover the rental value of the real property; and (4) failing to declare Brown the prevailing party entitled to attorney fees.

However, in advancing these arguments, Brown's opening and reply briefs demonstrate a profound misunderstanding of the function and power of a reviewing court. As has been explained numerous times: "It is a fundamental rule of appellate review that the judgment appealed from is presumed correct and ' " 'all intendments and presumptions are indulged in favor of its correctness.' " [Citation.]' [Citation.] An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or

4

arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852; accord, *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799.) It is also incumbent upon the appellant, by citation to admissible evidence in the record, to establish error by the trial court. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 (*Guthrey*).) Furthermore, it is the duty of counsel to refer the reviewing court to the portions of the record that support appellant's contentions on appeal, failing which the court may treat the point as waived. (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 862.)

Brown first claims the court's consolidation of the complaint and cross-complaint for trial, over his objection, "was untimely and an abuse of discretion." The quoted portion of this sentence comprises the sum total of Brown's argument on this point. We conclude Brown has waived this contention. (See *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522 [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration' "]; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["[w]hen an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary"]; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [contention deemed waived because "[a]ppellant did not formulate a coherent legal argument nor did she cite any supporting authority"]; *Colores v. Board of Trustees* (2003) 105 Cal.App.4th 1293, 1301, fn. 2 ["[t]he dearth of true legal analysis in her appellate briefs amounts to a waiver of the [contention] and we treat it as such"].)

Brown next complains that the trial court abused its discretion in refusing to resolve specified issues posed by Brown when the court rendered its final statement of decision. By way of background, after the court issued its tentative statement of decision on September 28, 2010, Brown served a request for statement of decision on October 7,

2010. In his request, Brown asked that the court address 20 specified issues. Most of these issues involved the testimony of particular witnesses, with Brown asking the court to make individual credibility determinations on specified portions of their testimony. The court denied Brown's request, finding "[i]t is unnecessary and improper for the court to make findings of evidentiary facts in a Statement of Decision."

The court's ruling is supported by law. Code of Civil Procedure section 632 requires the court to explain the factual and legal basis for each of the principal controverted issues involved in the case. (*Muzquiz v. City of Emeryville* (2000) 79 Cal.App.4th 1106, 1124.) However, to fulfill its obligation under Code of Civil Procedure section 632, "a trial court rendering a statement of decision is required only to set out ultimate findings rather than evidentiary ones." (*Id.* at p. 1125.) Consequently, the court is "*not* required to address how it resolved intermediate evidentiary conflicts, or respond point by point to the various issues posed in appellant's request for a statement of decision. [Citations.]" (*Id*. at p. 1126, original italics.)

The trial court's statement of decision dealt with the principal issues presented in Brown's complaint and in Beltz's cross-complaint, and the ultimate facts relevant to the court's findings. With respect to the issues identified by Brown that the trial court did *not* address, Brown makes no effort to show how these issues were material in light of the court's express findings. Brown also has failed to provide any argument or authority to show that the trial court's failure to address these issues constituted reversible error. Therefore, the argument is forfeited. (*Guthrey*, *supra*, 63 Cal.App.4th at pp. 1115-1116 [appellate court may deny claim on appeal that is unsupported by argument which applies general legal principles to the particular facts of the case on appeal].)

Next, Brown makes a wide-ranging challenge to a number of the court's substantive findings. The challenged findings are as follows: That "[d]ue to no fault" on Beltz's part "the property which was the subject of the Complaint for Specific Performance was foreclosed and acquired at foreclosure by [a third party], rendering [Beltz's claim for specific performance] moot." The court also found that Beltz fulfilled all of her obligations under the contract "such as payments for repairs, insurance, utilities,

6

mortgage, property taxes, and Gallery management" and that she was under no obligation to pay rent.

Contrary to the trial court's findings, Brown claims that the foreclosure was *indeed* Beltz's fault because she failed to fulfill certain obligations under the parties' contract, including her agreement to "pay the monthly payment for the existing first mortgage" and to "manage all aspects of the property." Brown further claims that because Beltz "could not prove the existence of a contract, her occupancy and control of the real property was wrongful, and she owes [Brown] rent for her 13 months in occupancy and attorneys' fees . . . ." Additionally, Brown argues that he should have been declared the prevailing party entitled to attorney fees "for having to defend [Beltz's] bad faith, frivolous action."

However, these arguments are perfunctorily set forth in a conclusory fashion, with no attempted development through factual and legal analysis. Such practice runs afoul of the requirement under California Rules of Court, rule 8.204(a)(1)(B) that an appellant support each point by argument and, if possible, citation to authority. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived"]; see *T.P. v. T.W.* (2011) 191 Cal.App.4th 1428, 1440, fn. 12 [court may decline to consider argument that "is not stated under a separate heading, is not sufficiently developed, and is unsupported by citation to authority"].)

Moreover, a reviewing court begins with the presumption that the record contains evidence of every finding of fact by the trial court. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) Appellants arguing the lack of substantial evidence " 'are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence.*' " (*Ibid.*, original italics; *Clark v. Superior Court* (2011) 196 Cal.App.4th 37, 53, original italics.) A failure to set forth *all* the material evidence is a forfeiture of the point on appeal. (*Clark v. Superior Court* at p. 53.)

Brown here presents only one side of the facts and issues. While he assures us that "[a]mple evidence was placed before [the] trial court to support [his] contentions," he

7

has failed to provide this court with a reporter's transcript or the exhibits presented at trial. The appellant has the burden to provide an adequate record on appeal to allow the reviewing court to assess the purported error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) If the record on appeal does not contain all of the evidence submitted to the trial court, a reviewing court will "decline to find error on a silent record, and thus infer that substantial evidence" supports the trial court's findings. (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955.) Without a reporter's transcript or the exhibits presented at trial, we cannot undertake a meaningful argument of Brown's arguments on appeal challenging the trial court's substantive findings; and we must infer they are fully supported by the evidence. (See, e.g., *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-189.)

## IV.

## DISPOSITION

The judgment is affirmed. Beltz is awarded her costs on appeal.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
RIVERA, J.

8