Filed 3/24/23  Rok Mobile v. Brannon CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROK MOBILE, INC., | B308642 |
| Plaintiff, | (Los Angeles County Super. Ct. No. 19SMCV01492) |
| v. | |
| SCHAD BRANNON, | |
| Defendant and Appellant; | |
| RK SOLUTIONS, INC., | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Brian J. Jacobs for Defendant and Appellant.

Galperin & Hensley and Yury Galperin for Respondent RK Solutions, Inc.

Danning, Gill, Israel & Krasnoff and Uzzi O. Raanan for Respondent John J. Menchaca as Trustee in Bankruptcy.

Appellant Schad Brannon requested relief from a default judgment. (Code Civ. Proc., §§ 473, 473.5.)[1] The trial court denied relief, finding that (1) Brannon had actual notice of the summons and complaint served by his former employer, plaintiff Rok Mobile, Inc. (Rok),[2] and (2) his failure to answer the complaint or react to notice of default was not excusable neglect. The court did not abuse its discretion. We affirm.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] On April 27, 2021, Rok filed a voluntary bankruptcy petition. The bankruptcy court appointed John J. Menchaca as bankruptcy trustee. We struck the brief Rok filed in March 2022 because Rok lacked standing to proceed; however, the trustee later filed a brief on Rok's behalf. The day before oral argument, Menchaca advised us that the bankruptcy court approved a sale of the bankruptcy estate to RK Solutions, Inc. A bankruptcy court order in *In re Rok Mobile, Inc.*, Debtor Case No. 2:32-bk-13413-SK, dated January 20, 2023, did not show that the sale was fully consummated. At our request, the attorney for RK Solutions, Inc., Yury Galperin of Galperin & Hensley, LLC, filed a formal substitution of attorney and declaration averring that the sale to RK Solutions, Inc., has been fully consummated and cannot be challenged for failure of payment. Based on Galperin's declaration and the related motions, we approved the substitution of RK Solutions, Inc., in place of the trustee, John J. Menchaca, as respondent in this appeal. No brief was filed by RK Solutions, Inc.

# FACTS AND PROCEDURAL HISTORY
## *Service of Rok's Complaint*

Rok's complaint, filed August 23, 2019, alleges that Brannon was hired in 2015.[3] He signed a contract agreeing to work full time and a Nondisclosure and Intellectual Property Agreement (NDA). Rok fired Brannon when it discovered he was working for other companies. He did not return Rok's computer and took confidential information. Rok asserted causes of action for unjust enrichment and breaches of the employment contract, NDA, implied covenant of good faith, and duty of loyalty.

Rok made three attempts to serve Brannon at his residence in Encino on August 27 to 29: No one answered the door, though it sounded like someone was inside. A process server surveilled the home on September 8 and 12; no one answered the door, but Mrs. Brannon was seen coming and going and a loud male voice was heard. On September 16, the process server approached Mrs. Brannon in her driveway. When told she was being served on her husband's behalf, she said, "I have nothing to do with this." The server placed the documents at her feet and told her to ensure her husband got them. The summons and complaint were mailed to Brannon one day later.

## *Default and Judgment Are Entered*

Brannon did not answer the complaint. Rok requested entry of default on October 30. Notice of default was mailed to Brannon that day. (§ 587.) On February 5, 2020, Rok applied for a court judgment, seeking to recoup Brannon's salary and benefits. Rok's officers declared that they never would have hired

---

[3] All dates mentioned in this opinion are to the year 2019, unless otherwise stated.

3

or retained Brannon had they known he would devote his time during business hours to four other companies.

In a judgment entered February 18, 2020, the court found Brannon was properly served with the summons and complaint, failed to answer, and default was taken. It gave judgment to Rok for $506,717.27, for breach of fiduciary duty, costs, and interest. Rok served Brannon with notice of entry of judgment on February 20, 2020.

### *Brannon Moves To Vacate the Judgment*

On February 24, 2020, Brannon moved to set aside the default and vacate the judgment. He asserted that the judgment should be vacated for excusable neglect (§ 473) and failure to receive actual notice of the action (§ 473.5).

Brannon declared that he developed a new business in the Republic of Ghana after being terminated at Rok. He was in Ghana from August 3 to September 4. He did not dispute that service was made on his wife on September 16, followed by mailing of process by first-class mail on September 17. Brannon declares, "Around two weeks after service was effected on me, I left the country again on October 13, 2019, returning on November 12, 2019, so that I was not in the country when the Default was requested by Plaintiff and entered by this Court." Brannon was in Ghana from December 28 to January 14, 2020.

Brannon denied wrongdoing. Rok knew that Brannon is required, for licensing purposes, to act as agent for a registered investment advisory company (RIA). Rok incorrectly listed the RIA as an entity that Brannon worked for; other entities listed by Rok were part of Brannon's efforts to further Rok's business. Brannon was not employed or compensated by these entities. The computer he took was his personal property. Attached to

4

Brannon's motion for relief is a demurrer to Rok's unjust enrichment claim; a motion to strike; and a request to transfer venue.

In opposition, Rok argued that Brannon was home when the lawsuit was served. He had actual notice of it in time to defend. Brannon did not show excusable neglect by failing to respond to service of the summons and complaint.

In reply, Brannon submitted a supplemental declaration stating that he did not receive the summons and complaint from his wife until September 23. He was living elsewhere and came by the house once a week to collect mail.

### *The Trial Court's Ruling*

The court denied Brannon's motion. First, it found section 473.5 does not entitle him to relief. He admittedly received the pleading on September 23, if his wife did not give it to him on September 16. He had actual knowledge of the lawsuit in time to defend it. Second, the court found that the motion under section 473 is timely, but Brannon's neglect is inexcusable. Between trips, he could have hired counsel to answer the lawsuit. After default was taken, Brannon could have hired counsel to set aside the default but did not do so.

## DISCUSSION

### 1. Appeal and Review

Denial of a motion to set aside a default judgment is an appealable postjudgment order. (§ 904.1, subd. (a)(2); *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137.) The trial court has wide discretion to grant or deny relief. (*Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1111.) We presume the order is correct, and the appellant bears the burden of showing abuse of discretion. (*McClain v. Kissler*

5

(2019) 39 Cal.App.5th 399, 413.)  The test is whether the court exceeded the bounds of reason.  (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318–1319.)

### 2. Relief Under Section 473.5

The court may set aside a default judgment "[w]hen service of a summons has not resulted in actual notice to a party in time to defend the action."  (§ 473.5, subd. (a); *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 861.)  A motion for relief must "be accompanied by an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect" and "a copy of the answer, motion, or other pleading proposed to be filed in the action."  (§ 473.5, subd. (b).)

The court did not abuse its discretion by refusing to set aside the judgment under section 473.5.  Brannon admittedly received the summons and complaint by September 23.  (He does not disclose if his wife told him on September 16 that the process server placed the documents at her feet.)  He left town on October 13, without hiring counsel or requesting an extension of time to hire counsel.

Brannon had actual knowledge in time to defend the action. If a defendant has actual notice, as Brannon did here, a busy travel or work schedule is no excuse for failing to hire counsel or seek an extension of time to answer.  In *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 548, relief was denied because the defendant "had actual knowledge of the lawsuit two weeks before an answer was due."  (See *Sakaguchi v. Sakaguchi, supra,* 173 Cal.App.4th at pp. 861–862 [rejecting defendant's excuse that " 'I was in State Prison at the time and not at home' " when the action was served because he did not claim lack of actual knowledge].)  The trial court did not abuse its discretion in denying relief under section 473.5 because the evidence shows Brannon was in Los Angeles

when process was served and knew of the lawsuit, but simply ignored it.

### 3. Relief Under Section 473

The trial court may "relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Section 473 "is remedial and to be liberally construed." (*Luz v. Lopes* (1960) 55 Cal.2d 54, 62.) An order denying relief " 'is scrutinized more carefully than an order permitting trial on the merits.' " (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.)

Brannon's application for relief fell within the six-month period allowed by section 473. The trial court found that though the motion was timely, Brannon's neglect was inexcusable.

The court did not abuse its discretion by finding that Brannon's travels did not prevent him from answering the summons. "The press of business is not a sufficient excuse for failing to respond to service of a summons and complaint." (*Bellm v. Bellia* (1984) 150 Cal.App.3d 1036, 1038.) Being " 'busy and occupied with other affairs is never held to constitute an excuse for his neglect to answer a summons within time . . . . If the rule were otherwise, few judgments by default would stand, for most men could plead their business as an excuse for not answering the summons of the court.' " (*Davis v. Thayer* (1980) 113 Cal.App.3d 892, 909 [relief denied to a defendant who had suffered a heart attack and was caring for her elderly mother and dying husband].) Mobile phones and laptop computers enable international travelers to tend daily to business matters at home by e-mail, unlike decades past when communication required envelopes, postage stamps, and weeks of transit.

After failing to answer, Brannon was served with notice of default on October 30 but did not move to vacate it. Five months

7

after service of summons, Rok obtained a default judgment because it heard nothing from Brannon.

Brannon claims he "was unaware that the Default had been entered." He forfeited this claim by failing to assert it in his moving papers. He declared that he received, at home, the summons and complaint, as well as Rok's application for judgment.[4] He did *not* declare that he never received the notice of entry of default mailed to his home.

Brannon's counsel wrote a settled statement purporting to show that Brannon was not sent the default. We reject this use of the settled statement. [5] Rok's counsel declared under penalty of perjury that he mailed Brannon the default the day the court clerk entered it. Any claim Brannon never received it is unsupported by the record. In any event, "nonreceipt of the notice [of default] shall not invalidate or constitute ground for setting aside any judgment." (§ 587; *Rodriguez v. Henard* (2009) 174 Cal.App.4th 529, 537.)

The summons and complaint were served at Brannon's home on September 16 and mailed to him on September 17. He

---

[4] In his motion to change venue, Brannon declares that he resided at his home in Encino when the lawsuit began in August and continued to reside there in February 2020.

[5] The opening brief recounts what was allegedly said at the hearing on the motion, citing a settled statement. A settled statement is used if a hearing is not reported by a court reporter. (Cal. Rules of Court, rule 8.137(b)(1)(A).) In response to Brannon's settled statement, the trial court wrote, "counsel quotes at length arguments and comments made at the hearing. There was no court reporter, and the Court is unable to verify the accuracy of counsel's representations." A settled statement cannot be used to rewrite Brannon's declaration.

was in Los Angeles at that time. The time to answer lapsed on October 28. (§ 415.20, subd. (b).) Brannon complains of Rok's "quiet speed" in requesting entry of default "two days after the response was due, i.e., on October 30, 2019."

Brannon relies on cases in which the defendant had legal representation. "The quiet speed of plaintiffs' attorney in seeking a default judgment without the knowledge of defendants' counsel is not to be commended." (*Smith v. Los Angeles Bookbinders Union* (1955) 133 Cal.App.2d 486, 500, disapproved on other grounds in *MacLeod v. Tribune Publishing Co.* (1959) 52 Cal.2d 536, 551.) In *Robinson v. Varela* (1977) 67 Cal.App.3d 611, the defendant's attorney requested an extension of time to answer a complaint. Without responding to the request, the plaintiff's attorney quickly secured a default judgment, which defense counsel moved to vacate under section 473. (*Id.* at pp. 614–615.) The order granting relief was affirmed: The court had broad discretion to grant relief in the face of "professional discourtesy" on the part of the plaintiff's counsel. (*Id.* at p. 616; accord, *Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 135 [it is "well acknowledged that an attorney has an *ethical* obligation to warn opposing counsel that the attorney is about to take an adversary's default"].)

The court is not *required* to grant relief for failure to warn of an impending default because the duty to warn is ethical, not legal. (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 701–702; *Bellm v. Bellia, supra,* 150 Cal.App.3d at p. 1038.) The trial court observed that Brannon had ample time to hire counsel to vacate the default yet left the country "without addressing the matter in any way." Thus, even if Rok moved swiftly to obtain a default, Brannon's subsequent delay was inexcusable.

Brannon argues that the court should have granted relief for "extrinsic mistake." He forfeited the claim by failing to raise

9

it below.  This equitable remedy does not assist Brannon.  Relief for extrinsic mistake is denied "if a party has been given notice of an action and has not been prevented from participating therein. He has had an opportunity to present his case to the court and to protect himself from mistake." (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 472; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 503 [relief unavailable to a party who was "given notice of an action yet fails to appear, without having been prevented from participating in the action"]; *Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 29 [no relief on an extrinsic mistake theory when the defendants "knew of this lawsuit yet chose not to participate in it"].)

In another newly minted argument, Brannon asserts that "the trial court overlooked . . . the fact that the complaint was verified."  The claim was forfeited when it was not made below. Brannon speculates that Rok verified the complaint "for the purpose of harassing" him or to set "a trap."  Section 446 requires a verified answer to a verified complaint to "protect[ ] the interests of private parties by relieving them of the unreasonable burden of undergoing a full-scale trial to prove verified allegations which the defendant is unwilling to deny under penalty of perjury." (*DeCamp v. First Kensington Corp.* (1978) 83 Cal.App.3d 268, 278.)  Rok was entitled to exercise its right under section 446, to see which claims in the complaint Brannon was willing to admit or deny under penalty of perjury.

This court once observed:  "It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for

10

relief under section 473 will be denied. [Citation.] Courts neither act as guardian for incompetent parties nor for those who are grossly careless of their own affairs." (*Elms v. Elms* (1946) 72 Cal.App.2d 508, 513, quoted with approval in *Luz v. Lopes, supra,* 55 Cal.2d at p. 62.) Brannon did not satisfy his duty. He did not take steps to retain counsel or call Rok's counsel to secure extra time to answer or hire counsel. He did not react to notice of default. An ordinarily prudent person would not wait five months after service of process to respond to a lawsuit when the summons says, on its face, that the person served has 30 days to answer. The court did not abuse its discretion by denying relief.

## DISPOSITION

The order is affirmed. Respondent RK Solutions, Inc., is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

HOFFSTADT, J.

11