Filed 6/7/23  Wilkins v. Smith CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KEENAN WILKINS,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>K. SMITH, et al.,<br><br>    Defendants and Respondents. | F082992<br><br>(Super. Ct. No. BCV-20-100136)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the opinion filed herein on May 25, 2023, be modified in the following particulars:

1.  On page 6, the first full sentence which reads "Wilkins has essentially forfeited …" is deleted and the following sentences are inserted in its place:

"[A] petition for writ of mandate is the *exclusive method of obtaining review* of a denial of a judicial disqualification motion." (*People v. Mayfield* (1997) 14 Cal.4th 668, 811, emphasis added.)  We have no occasion to review this claim on appeal."

2.  On the bottom of page 6, insert the following language as a second paragraph to footnote 10:

In a petition for rehearing filed on June 5, 2023, Wilkins correctly pointed out he previously sought review via a writ of mandate. This court denied the writ on June 10, 2021 (F082596), and the Supreme Court denied review on August 26, 2021 (S269451). Nonetheless, the claim is not appealable. (§ 170.3, subd. (d).)

There is no change in the judgment. Appellant's petition for rehearing is denied.

SNAUFFER, J.

WE CONCUR:

LEVY, Acting P. J.

DE SANTOS, J.

2.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KEENAN WILKINS,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>K. SMITH, et al.,<br><br>    Defendants and Respondents. | F082992<br><br>(Super. Ct. No. BCV-20-100136)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Keenan Wilkins, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Monica N. Anderson, Assistant Attorney General, Alicia A. Bower, David C. Goodwin, Misha D. Igra, and George R. Morris, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

Keenan Wilkins, a California state prisoner, sued several prison officials after he claimed they subjected him to a "degrading/humiliating/unreasonable"[1] search.

---

[1] Wilkins's filings are handwritten.  We take slight liberty to correct capitalization and punctuation while quoting his writing throughout this opinion.

Ultimately, the defendants, represented by the Attorney General, moved to declare Wilkins a vexatious litigant and to require him to furnish security to proceed with the lawsuit. (Code Civ. Proc.,[2] §§ 391.1 & 391.3.)

The trial court granted the defendants' motion in its entirety and, after Wilkins failed to post security, dismissed the case. (See § 391.4 [dismissal remedy].) Wilkins appeals, raising a variety of issues detailed below. We affirm the judgment.

## BACKGROUND

While in prison, Wilkins was searched by prison officials. He described the search as a "degrading/humiliating/unreasonable act in the 'nude' in front of so many people --- including 'women'."[3] He added that he was "coerced" and "threaten[ed]" into compliance, otherwise "he would not get" to his "destination" at "California Health Care Facility."

Amended Complaint[4]

Wilkins filed an amended complaint on August 19, 2020.[5] He alleged several causes of action including First, Fourth, and Eighth Amendment violations, privacy invasion (Civ. Code, § 43), interference with constitutional rights (Civ. Code, § 52.1), intentionally inflicting emotional distress, and mental anguish. The complaint sought injunctive relief and unspecified "compensatory" and "punitive" damages.

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

[3] This description is contained within the amended complaint.

[4] The Attorney General demurred to Wilkins's original complaint and the demurrer was sustained with leave to amend.

[5] Unless otherwise stated, all references to dates are to dates in 2020.

2.

Attempted Default Filing

On September 30, Wilkins filled out a "request for entry of default" form.[6] The request was filed on October 5, but returned on October 9 because it listed the incorrect date for the amended complaint and the "Statement of Damages [was] missing."

Vexatious Litigant Motion

The Attorney General moved to declare Wilkins a vexatious litigant on October 14. The court ultimately judicially noticed 16 recent cases involving Wilkins, found all 16 were "finally and adversely determined against him," and declared Wilkins a vexatious litigant. The court also ordered Wilkins to "furnish security in the amount of $15,000 within 20 days of entry of [the] order …."

Dismissal

Wilkins failed to post the security as ordered. The court subsequently dismissed the case upon the Attorney General's motion.

## DISCUSSION

We address Wilkins's claims in the following order. First, was Wilkins entitled to a default judgment? Second, did the trial judge err by not disqualifying himself from the case? Third, did the court err in finding Wilkins was a vexatious litigant? Fourth, did the court err in concluding Wilkins lacked a reasonable probability to succeed, effectively dismissing the case?

Because we find no merit in any contention, Wilkins is not entitled to relief. We will affirm the judgment.

---

[6] CIV-100 is the official request for default form approved for mandatory use by the Judicial Council of California. (Cal. Rules of Court, rule 3.1800(a).)

3.

## I. No Default Judgment

Wilkins contends "defendants defaulted by failing to timely answer." The Attorney General claims Wilkins "was not entitled to default." The Attorney General is correct.

"When a complaint alleges damages for personal injury, the plaintiff must serve on the defendant a statement setting forth the nature and amount of damages being sought before a default may be taken." (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 860.) The statement " ' " 'give[s] defendants "one last clear chance" to respond to allegations of complaints by providing them with "actual" notice of their exact potential liability.' " ' " (*Ibid.*; *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1520-1521; see §§ 425.11 & 425.115.)

Here, Wilkins's request for default was rejected because there was no damages statement. The record does not contain any evidence he filed and served a damages statement.[7] (See § 425.11, subd. (d) [requiring service].) Accordingly, he was not entitled to a default judgment.[8]

## II. Judicial Disqualification Motion Not Appealable

Wilkins claims the "presiding judge lacked power to act." He "asserts that the clear unambiguous record demonstrates that he served/filed a challenge for cause against Presiding Judge Lampe on 1/31/21." The Attorney General argues Wilkins's challenge

---

[7] After the Attorney General moved to declare Wilkins a vexatious litigant, Wilkins *did* file a damages statement and again requested default. But the Attorney General's filing stayed the litigation. (§ 391.6.)

[8] The Attorney General further points out it was not served with the amended complaint until September 18. The record is not clear enough to decipher proof of service. We note Wilkins later, while litigating the default issue in the trial court, indicated he utilized section 415.30 to serve the complaint by mail. But the accompanying "acknowledgement of receipt" form is incomplete. (§ 415.30, subds. (c), (d), & (e); see Judicial Council of California form POS-015 [mandatory "notice and acknowledgment of receipt" form.)

was "untimely," did not comply with service, and the issue is not reviewable on appeal. We agree the claim is not reviewable on direct appeal.

### A. Additional Background

After the court found Wilkins was a vexatious litigant, Wilkins filed a "statement for disqualification of judge CCP 170.1(6)(iii) [*sic*]."  In the statement, Wilkins alleged it was "<u>impossible</u> to have fair proceedings before <u>this</u> judge, who is clearly aligned with the Defense against Plaintiff."  The statement concludes by reiterating it "presents [a] challenge for cause under Penal Code 170.1(a)(6(A) [*sic*] …."

The court originally denied the "Peremptory Challenge [as] untimely per CCP 170.6 …."[9]  Several weeks later, the court "re-reviewed the matter" and, after "re-reading the document," understood it to present "a challenge for cause."  The court then "refuse[d] to consider" the matter because it was improperly served.  (See § 170.3, subd. (c)(1) ["Copies of the statement shall be served on each party or his or her attorney who has appeared and shall be personally served on the judge alleged to be disqualified, or on his or her clerk, provided that the judge is present in the courthouse or in chambers."].)

### B. Analysis

"The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding."  (§ 170.3, subd. (d); *People v. Nieves* (2021) 11 Cal.5th 404, 498, fn. 13 ["statutory right to impartiality is raised through a motion to disqualify an assertedly biased judge …, the resolution of

---

[9] See section 170.6, subdivision (a)(2), describing timeliness for so-called peremptory challenges.

5.

which is reviewable only be writ of mandate"].)  Wilkins has essentially forfeited this claim by first raising it on direct appeal.[10]

### III.  No Error In Vexatious Finding

As noted, the Attorney General proffered 16 then-recent cases adversely determined against Wilkins to allege Wilkins was a vexatious litigant.  (§ 391, subd. (b).)  As he did then and now, Wilkins asserted only one case qualified for vexatious litigant status.  (*Ibid.*)  The trial court, of course, found all 16 cases qualified and deemed Wilkins a vexatious litigant.  We find no reversible error.

" ' "The vexatious litigant statutes were enacted to require a person found a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of one of these obsessive and persistent litigants whose conduct can cause serious financial results to the unfortunate object of his attack.  The purpose of the statutory scheme is to deal with the problem created by the persistent and obsessive litigant who has constantly pending a number of groundless actions, often against the judges and other court officers who decide or were concerned in the decision of previous actions adversely to him." ' " (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 634 (*Golin*).)  " 'Their abuse of the system not only wastes court time and resources but also prejudices other parties waiting their turn before the courts.' " (*Id.* at p. 635.)

Relevant here, a vexatious litigant is a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been … finally determined adversely to the person …."  (§ 391, subd. (b)(1).)  Litigation "means any civil action or proceeding, commenced, maintained or pending in any state or federal court."  (§ 391, subd. (a).)

---

[10] Our conclusion applies notwithstanding the fact the court never ruled on the motion—it instead "refuse[d] to consider" the motion.  This difference is immaterial relative to section 170.3.

" 'A court exercises its discretion in determining whether a person is a vexatious litigant.  [Citation.]  …  On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.' " (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 621.)

Having reviewed the record, we are satisfied the trial court correctly found at least five litigations within seven years were finally determined adverse to Wilkins.  Contrary to Wilkins's argument, a final adverse determination includes denial of a writ of certiorari in the United States Supreme Court.  (Cf. *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1172-1173 (*Fink*) ["summary denial of a writ petition that merely sought relief from pretrial rulings and did not constitute the exclusive means of obtaining appellate review would not qualify as a litigation finally determined adversely[.]"].)[11]

Wilkins correctly notes, on the other hand, an attempted filing in federal court which is rejected does not constitute a litigation.  (*Garcia v. Lacey* (2014)

---

[11] Strictly speaking, the appellate record does not contain the 16 cases at issue. But those cases are described within various filings in the record.  Pursuant to Evidence Code section 452, subdivision (d), we judicially notice the following cases: 1) *Wilkins v. USDC-SAC* (9th Cir. Jun. 25, 2020, No. 20-71369); 2) *Wilkins v. County of Alameda* (9th Cir. Mar. 17, 2014, No. 13-17060); 3) *Wilkins v. Gonzalez* (E.D. Cal. May 4, 2018, No. 2:16-cv-347-KJM-KJN); 4) *Wilkins v. Gonzalez* (9th Cir. Aug. 31, 2018, No. 18-15643); 5) *Wilkins v. Gonzalez* (2019) 139 S.Ct. 1272 (Mem.); 6) *Brown v. Galvin* (E.D. Cal. Feb. 7, 2019, No. 2:16-cv-02629); 7) *Brown v. Galvin* (9th Cir. Jul. 31, 2019, No. 19-15468);8) *Brown v. Galvin* (2020) 140 S.Ct. 2759 (Mem.); 9) *Wilkins v. Baughman* (E.D. Cal. Feb. 6, 2019, No. 2:17-cv-1368); 10) *Wilkins v. Baughman* (9th Cir., Sept. 18, 2019, No. 19-15344); 11) *Wilkins v. USDC-CASF* (9th Cir. Sept. 19, 2018, No. 18-71956); 12) *Wilkins v. County of Stanislaus* (9th Cir. Apr. 24, 2019, No. 18-16232; 13) *Wilkins v. County of Stanislaus* (2019) 140 S.Ct. 670 (Mem.); 14) *Wilkins v. USDC-CASF* (9th Cir. Apr. 14, 2014, No. 13-73523; 15) *Wilkins v. Alameda County* (N.D. Cal. Mar. 11, 2015, No. 5:14-cv-2516); and 16) *Wilkins v. McGuire* (S.D. Cal. Oct. 10, 2017, No. 3:17-cv-1385).

Even if we discount successive appeals within the same case, there remain more than five distinct finally determined adverse actions.  (But see *Fink, supra,* 180 Cal.App.4th at p. 1173 [two appeals from same case count as two litigations].)

231 Cal.App.4th 402, 412.)  But *none* of Wilkins's federal cases were rejected—meaning his federal filings were successfully initiated, but later dismissed or denied.  In sum, the trial court did not err in finding Wilkins was a vexatious litigant.

## IV.  No Error In Requiring Security

Wilkins argues the "security order was error" and "the court asserted without reasoning/explanation that [he] did not have a reasonable probability of prevailing …."  The Attorney General contends otherwise, and we agree.

**"**Section 391.1 permits a defendant to move for an order requiring a plaintiff to post security.  Under section 391.3, if the court determines that the plaintiff is a vexatious litigant and has no reasonable probability of prevailing, it shall require the plaintiff to post security."[12]  (*Singh v. Lipworth* (2005) 132 Cal.App.4th 40, 44, fns. omitted.)  The motion "shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that they will prevail in the litigation against the moving defendant."  (§ 391.1, subd. (a).)

In ruling on a motion to furnish security, the court does not simply "assume the truth of [the] plaintiff's alleged facts …."  (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 782.)  Rather, "a court's decision that a vexatious litigant does not have a reasonable chance of success in the action is based on an evaluative judgment in which the court weighs the evidence.  If there is any substantial evidence to support the court's determination, it will be upheld."  (*Golin, supra,* 190 Cal.App.4th at p. 636; *Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148 ["[w]e presume that the

---

[12] Security "means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant."  (§ 391, subd. (c).)

court's order is supported by the record" if there exists substantial evidence supporting it].)

The record here supports the trial court's order. Most importantly, the Attorney General disputed the allegations and the trial court had the opportunity to personally observe Wilkins. While it is true the appellate record does not contain a reasoned decision on the probability-of-success issue, no such decision is required. (See *Golin, supra,* 190 Cal.App.4th at p. 636 [appellate court "impl[ies] findings necessary to support the judgment"].) We hold the trial court was within its right to find Wilkins did not have a reasonable chance to succeed on his lawsuit.

In so holding, we acknowledge prisoners "retain some Fourth Amendment rights …." (*Bell v. Wolfish* (1979) 441 U.S. 520, 558; *People v. Robinson* (2010) 47 Cal.4th 1104, 1120 [" 'convicted criminals do not enjoy the same expectation of privacy that nonconvicts' have"].) We hold the trial court here did not abuse its discretion in finding Wilkins was unlikely to succeed on his claims prison officials violated his rights while conducting a search.

## **DISPOSITION**

The judgment is affirmed. Each party to bear its costs.

SNAUFFER, J.

WE CONCUR:

LEVY, Acting P. J.

DE SANTOS, J.

9.